## COOPER vs. PECK & CLARK.

1. The condition of a replevy bond can only be complied with, after a judgment has been rendered against the defendant in attachment, by a delivery of the property to the sheriff on his demand; and if the bond is returned "forfeited" on account of a failure to deliver the property, the statute gives the plaintiff in attachment a right to a *fi. fa.* against all the obligors, without any further action of the court.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

Peck and Clark exhibited their petition in the court below, setting out the following facts, viz: that, on the 24th of December, 1844, the plaintiff in error sued out an attachment against one Francis Inge, and caused it to be levied on a negro slave named Jackson, which was replevied by the petitioners, who are defendants in error, who executed the usual statutory replevy bond; that at the September term of the Circuit Court, in the year 1848, the plaintiff in error obtained

judgment in the attachment suit against Inge for $657; that after said judgment, the sheriff demanded the slave of the makers of the replevy bond, who failed to deliver him, the slave having died after he was replevied, and before the demand by the sheriff; that at the time such demand was made, E. W. Peck, as the agent of Clark, tendered the sheriff an affidavit and bond for the trial of the right of property in said slave, which the sheriff refused to accept, and returned the replevy bond "forfeited;" whereupon an execution issued against the defendants in error for the amount of the plaintiff's judgment against Inge; that at the Spring term, 1849, of the Circuit Court of Tuskaloosa county, a motion was made for a writ of *mandamus* to compel the sheriff to receive the affidavit and bond for the trial of the right of property, and return them into court, which motion was granted, and the affidavit and bond for the trial of the right of property were made and returned into court; that the suit for the trial of the right of property being yet pending, the plaintiff in error sued out a writ of *fi. fa.* on the forfeited replevy bond against Peck and Clark, which the sheriff has levied on the property of Clark, and, unless his proceedings are arrested, will sell the same.

The petition concludes with a prayer for *supersedeas;* and further, that the sheriff's return of "forfeited" on the replevy bond be set aside, and the *fi. fa.* issued thereon be quashed.

On the hearing, a motion was made by the plaintiff in error to dismiss the *supersedeas*, which was overruled, and the court quashed the execution, but took no action with regard to the sheriff's return on the replevy bond.

From this judgment a writ of error is taken to this court, and the action of the court below in overruling the motion to dismiss the *supersedeas*, and in quashing the execution, is assigned for error.

P. & J. L. MARTIN, for plaintiff in error:

The return of the replevy bond "forfeited" authorized the issuance of the execution, and the execution itself was perfectly regular. No order was made setting aside the sheriff's return. The fact of the issuance of the *mandamus*,

and the pending of the claim suit, afforded no ground to quash the execution. The trial of the right of property was a separate proceeding, and could have no influence upon the original judgment, nor upon the judgment created by law on the forfeited bond. 8 Ala. 656; 3 ib. 636; 18 ib. 436.

ORMOND & NICOLSON, *contra:*

It is not an error of which the plaintiff can complain, that the court did not set aside the return and judgment on the forfeited bond, if no forfeiture in law had accrued. If the court should have set aside the whole proceedings, and only quashed the execution, which was a part of the proceeding, then the plaintiff is not as much injured as he ought to have been, and cannot be heard to object to it.

That one may replevy property, and after delivery interpose a claim, cannot admit of doubt. It is so expressly stated in the case of Jemison v. Cozens, 3 Ala. 640; Jordan v. Autrey, 10 Ala. 276. That the giving a claim bond is equivalent to a delivery of the property would seem to admit of no doubt. The law never requires a vain act, "*nihil frustra facit*," and could never be necessary to delivery property with one hand, and take it back with the other, by virtue of a claim bond which he had in it. This would be a mere idle ceremony. This being so, the *mandamus* was properly awarded to compel the sheriff to do what by law he should have done.

The rule that the return of the sheriff cannot be collaterally impeached, does not apply to the returns upon which statutory judgments are rendered. These judgments would be unconstitutional, unless some way were provided by which they could be arrested, if improperly awarded. Anderson v. Rhea, 7 Ala. 104.

As to *supersedeas* generally, *vide* Lockhart v. McElroy, 4 Ala. 572; Oswitchee Co. v. Hope, 5 ib. 629; 7 ib. 469.

LIGON, J.—The principal points presented by this record, have already been passed upon by this court, in the case of Braley v. Clark, at the present term.

It is there held, that the condition of a replevy bond can only be complied with by a delivery of the property re-

plevied to the sheriff, on his demand, after judgment against the defendant in attachment. The tender of a bond to try the right of the property replevied, when the property itself is withheld from the sheriff, is a breach of the condition of the bond, and justifies the sheriff in returning it "forfeited."

After such forfeiture, the statute gives the plaintiff in the attachment a right to a writ of *fi. fa.* against all the obligors in the replevy bond, without any further action of the court. Clay's Digest 58 § 11. In the case under consideration, the execution which was *superseded* had been regularly issued, and as the petition does not show that any unjust, illegal or oppressive use was sought to be made of it by the sheriff, the *supersedeas* should not have been awarded. As, however, it was granted, the court should have dismissed it on the motion of the plaintiff in error.

Let the judgment be reversed, and the writ of *supersedeas* be dismissed.