# South & North Ala. Railroad Company *v.* Reid.

*Action against Railroad Company, for Killing Cow.*

1. *Presentment of claim against railroad company, and limitation of action.* A claim or demand against a railroad company, for damages on account of stock killed by its trains, must be presented to some one of the company's agents, or suit thereon must be brought, within sixty days after the injury

was done (Code, § 1701); and where the case is tried before the court without the intervention of a jury, the amount claimed being less than $20, and the statute is pleaded in defense, it is error to render judgment for the plaintiff, without proof of such presentment or commencement of suit.

APPEAL from the Circuit Court of Blount.

Tried before the HON. LOUIS WYETH.

This action was brought by George W. Reid, against the appellant, a domestic corporation, to recover damages for killing a cow; and was commenced before a justice of the peace, on the 5th August, 1878. The justice rendered judgment for the plaintiff, for $12, besides costs; and the cause was removed by the defendant, by appeal, into the Circuit Court, where the plaintiff filed a complaint, claiming $12 as damages "for the negligent killing of one white and black cow, by the engine or cars of said company, on or about the 13th day of July, 1878"; to which the defendant pleaded "not guilty, and the statute of limitations of sixty days," and issue was joined on said pleas. "On the trial," as the bill of exceptions states, "the plaintiff introduced a witness who testified, that he was called upon by the defendant's 'section boss' to examine and value the cow mentioned in the complaint, and that he valued her at twelve dollars; also, that he did not see the cow when she was injured. The plaintiff himself then testified in his own behalf, in substance, that said cow was injured some time in June, or July, 1877; that both of her legs were broken; that he did not see the cow at the time she was injured, but was sent for by one Sanders, and went to where the cow was; that the defendant's 'section boss' directed the cow to be killed by the section hands, and she was killed under such directions, and was eaten by the said 'boss' and his hands; and that the cow was worth twelve dollars. The defendant objected to the evidence of this witness, as to the directions of the said 'section boss,' and as to the killing and eating of the cow by him and his hands, and moved to exclude the same from the jury; but the court overruled said objections and motions, and the defendant excepted. There was evidence, also, tending to show that several trains passed over said defendant's road, at the place, and on the day the cow was injured, and that one train passed about a quarter of an hour before plaintiff was notified that his cow was injured. The foregoing was all the evidence in the cause, the defendant having been forced into trial by the court unexpectedly, and without any witnesses—that is to say, the defendant brought the case into this court by appeal at a former term, and had no witness present at the trial, and none summoned, so far as the court was informed; and so the court refused to give the defendant a

continuance. On this evidence, and without more, the court rendered judgment for the plaintiff; and the defendant excepted." The judgment of the court, and the rulings to which exceptions were reserved, as above stated, are now assigned as error.

RICE & WILEY, for appellant.

BRICKELL, C. J.— It is plain that the judgment of the Circuit Court, in view of the evidence, is erroneous. The claim of the plaintiff was within the bar of the statute (Code of 1876, § 1701), requiring that presentment of such claims must be made to one of the several enumerated officers or agents of the company, or suit thereon commenced, within sixty days from the time they accrued.

Reversed and remanded.