ROBERT H. SALTER v. ELLEN E. B. SHOVE.[1]

April 19, 1895.

No. 9470.

**Verdict Sustained.**

Evidence considered, and *held* to sustain the verdict.

**Rulings of Trial Court Sustained.**

Certain rulings of the trial court upon the admissibility of evidence considered, and sustained.

**Tender to Attorney.**

A tender to an attorney at law, to whom the demand has been intrusted for collection, is good.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Mahoney, J., denying a motion for a new trial. Affirmed.

*Benton & Molyneaux,* for appellant.

*F. A. Gilman,* for respondent.

START, C. J. This is an action for the recovery of certain personal property, or the sum of $200, with interest from October 1, 1893, the value of the plaintiff's interest in the property. The basis of plaintiff's claim is a chattel mortgage upon the property, made by the defendant to Addie Cady on December 3, 1892, and assigned to the plaintiff December 4, 1893. It is alleged in the complaint, among other things, that the mortgagor paid the mortgage debt except one note for $300, on which she paid $100, and all interest to October 1, 1893. It also appears from a copy of the note, which is annexed to the complaint as an exhibit, that the $100 was paid July 11, 1893, so that it appears from the allegations of the complaint that there was due upon the mortgage debt on October 1, 1893, a balance of only $200 and interest from that date at the rate of 8 per cent. per annum. The answer alleged (among other matters withdrawn upon the trial) a tender of the full amount—$208.82—of the debt secured by the mortgage remaining unpaid on October 31, 1893, the day on which the tender was made. This was denied by the reply, and the issue so formed was the only one submitted to

[1] Reported in 62 N. W. 1126.

the jury. Verdict for the defendant, and from the order denying his motion for a new trial plaintiff appealed.

1. Upon the trial the appellant offered to show by competent evidence that there was a prior mortgage to a Mr. Bradfield, which was a lien upon the property in this case, given by Addie Cady, and which was also a lien on her own property; that on April 7, 1893, the defendant agreed with Cady to pay this prior mortgage, and in consideration of this promise she credited the sum of $225 on the debt secured by the defendant's mortgage to her,—the one in question in this case; that the defendant never paid the prior mortgage. The evidence offered was excluded upon the objections of the respondent; exception by appellant. This ruling is the basis of appellant's assignments of errors 1 to 5, inclusive. It was correct. The only issue in the case was the question of tender, and the only possible relevancy this evidence could have to this issue would be for the purpose of showing that the tender was insufficient in amount, because, the defendant having failed to pay the prior mortgage, the consideration for the credit of $225 upon the mortgage debt had failed, making in fact $225 more due upon the debt than was tendered. It is not necessary to discuss this phase of the case, for there are two conclusive reasons why the ruling was correct. The complaint makes no such claim, but does concede and practically alleges that there was only $200 and interest due on the mortgage debt on October 1, 1893, and the reply alleges that the prior mortgage had been paid by the defendant.

2. The extent to which the cross-examination of a witness is allowable rests largely in the discretion of the trial court. We are not prepared to say that such discretion was abused in allowing the cross-examination of the witness Cady.

3. The evidence in this case tends to show that Mr. Bond, the attorney to whom the tender was made, had the note and mortgage for collection, by virtue of the request and authority of Mr. Dobbin, an attorney at law, whose authority in the premises cannot be questioned; that Bond reported the tender to Dobbin, who refused it on the ground that it was insufficient in amount, which refusal was reported by Bond to the attorney making the tender for the defendant. Therefore the appellant's objection to the evidence as to what was said and done when the money was offered to Bond, on

the ground that Bond was not authorized to receive the money, was properly overruled. While a tender must be made to the creditor, or to some person authorized to receive the money, yet, if made to an attorney at law, to whom the demand has been intrusted for collection, it is good. 2 Greenl. Ev. § 606.

4. The exception to the refusal of the court to instruct the jury as requested by the plaintiff is insufficient, and we cannot consider this assignment of error. The instructions requested consisted of three separate propositions, one of which was clearly erroneous, and the only exception taken by appellant was in these words: "Exception to the refusal of the court to give the instructions asked."

5. We have examined the evidence, and find it sufficient to sustain the verdict.

Order affirmed.