# Bruister *v.* Gavin *et al.*

*Proceedings for Summary Judgment against Sheriff.*

1. *Attachment; summary judgment against sheriff.*—Where, after the levy of an attachment on personal property, and before the trial of the suit, the term of the office of the sheriff making the levy expires, and he turns over to his successor in office the writ together with the property levied on, and such succeeding sheriff delivered the property levied on to the defendant in attachment, if thereafter the execution issued upon a judgment rendered against the defendant in attachment is returned by the succeeding sheriff "no property found," the plaintiff can not recover a summary judgment against such succeeding sheriff and the sureties on his official bond, for failure to make the money on the execution; since his act in discharging the levy of the attachment by surrendering the property to the defendant, did not render him or his sureties liable; he being nothing more than a mere bailee or agent of the former sheriff, with respect to such attachment.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. JOHN C. ANDERSON.

The facts of the case are sufficiently stated in the opinion.

R. P. ROSCH, for appellant, cited *Lavretta v. Holcombe,* 98 Ala. 508; *Martin v. Hall,* 70 Ala. 422; *Kennedy v. Smith,* 99 Ala. 83; *Woolfolk v. Ingram,* 53 Ala. 13; *Ratliff v. Allgood,* 72 Ala. 120; *Gayle v. Johnson,* 80 Ala. 388; *Harbin v. Bell,* 54 Ala. 389; *Smith v. Heineman,* 118 Ala. 202; Code, §§ 544, 3133, 3770.

C. R. GAVIN, *contra,* cited Smith's Condensed Reports, 9; Code of 1896, § 544; *Ryan v. Couch,* 66 Ala. 244.

HARALSON, J.—This was a motion under the statute for a summary judgment against the defendant, Geo. I. Gavin, as sheriff of Choctaw county, and the sureties on

his official bond, for failure to make money on an execution, which by due diligence he could have made.

The bill of exceptions shows, that the suit was begun by the plaintiff, the movant here, by attachment issued by a justice of the peace, against the Choctaw Mill Company; that the writ was placed in the hands of J. M. Young, who was at that time sheriff of the county, who levied the same on a log cart as the property of defendant in attachment, and took the property into his possession; that after the said levy, and before the trial of the attachment suit in the justice's court, the term of office of the said Young as sheriff expired by limitation, and G. I. Gavin, the defendant, was elected and qualified as sheriff of said county, and the said Young turned over to the said Gavin, as sheriff, the said writ of attachment, together with the said log cart, on which the writ had been levied; that afterwards, on the trial of said suit in the justice's court, the plaintiff recovered judgment against the defendant; that the defendant took an appeal from said judgment to the circuit court of said county, and executed an appeal bond in said cause, and the said Gavin as sheriff delivered the log cart then in his hands under the levy of said writ of attachment, to, and the same was disposed of by the defendant in attachment and that the cart was worth $125. It was further shown that on the trial of said cause in the circuit court the plaintiff recovered a judgment against the defendant for $98.94 damages, besides $107.65 costs of suit, and execution having issued on said judgment against the defendant and the sureties on his appeal bond, the defendant Gavin, as sheriff, collected on said execution from the sureties on the appeal bond, the sum of $109.24, which he paid over to the plaintiff, after this motion was made, which sum the attorney stated in court on the trial, he did not ask judgment for, although it was included in his motion; that this sum was all that had ever been collected on said execution, and he returned the execution "no property found," as to the defendant in attachment, the Mill Company. The plaintiff submitted no proof that the money could have been made by due diligence as alleged in his motion.

The court rendered judgment in favor, of the defendants in said motion, to which plaintiff excepted and which he appeals to reverse.

Section 544 of the Code provides, that the sheriff levying an attachment, must take and hold the property attached, unless replevied, subject to the order of the court in which the attachment was pending. Section 1897 (2899) (3190) directs: "He must execute the writ with diligence, and, if practicable, perform the mandate thereof, and make return of his acts, to the clerk, three days before the first day of the return term of the writ." Section 3133 (206) provides, that "In all cases, in which it is not otherwise expressly provided, when an office is vacated, except by the death of the incumbent, all books, papers, property and money, belonging or appertaining to such office, must, on demand, be delivered over to his qualified successor."

It is said by Mr Freeman in his work on Executions: "The officer who commences must usually complete the execution of the writ. His term of office may expire after the levy and before the sale. This does not terminate his authority, nor even confer on his successor power to make the sale, if the *venditioni exponas* should be directed to him. By the levy of the writ upon chattels, the officer acquires a special property therein. This property continues after his removal, and even after his death. Hence, sale may be made by his executor or administrator."—2 Freeman on Exemptions, § 291.

It is said by Mr. Murfree: "It is no reason why a sheriff should not proceed to carry an execution into full effect by a sale of the property levied on, that he has been superseded by his successor, and that the return day of the process has passed. By the common law an execution is an entire thing, and a sheriff who has levied on goods is bound to complete the operation by selling them. He is not absolved from this obligation, by delivering the goods and the execution to his successor."—Murfree on Sheriffs, § 998.

In *Bondurant v. Buford*, 1 Ala. 364, this court said: "By a seizure of property under the writ we have seen that a special interest vests in the sheriff, who may sell

[Cabbell v. Williams.]

it, even after the return day has passed, without a *venditioni exponas*. It is on the ground of the special interest thus acquired by the sheriff, that the discharge of the debtor, to the extent of the value of the property seized, that an execution is considered an entire thing, and must be completed by him who commences it." To the same effect is *Leavitt v. Smith*, 7 Ala. 175; *Evans v. The Governor*, 18 Ala. 659, 663, and *Ryan v. Couch*, 66 Ala. 244. In the last named case, our latest on the subject, in which the foregoing principles find approval, it was said: "We do not think this view of the case is affected by sections 206 and 3190 of the Code of 1876" (3133 and 1897 of Code of 1896). After quoting each of those sections,—which we have copied above,—the opinion proceeds: "The decisions of this court and the recognized principles of the common law, touching the duties of sheriffs, superadd vitality to this statute (3190), and are in perfect harmony with its letter and spirit. It comes within the exceptions intended to be engrafted on section 206 by the law-making power." Code, 1896, § 3133.

We must hold under the foregoing authorities, that the circuit court committed no error in rendering judgment for the defendant. He was nothing more than a mere agent or bailee of the former sheriff, and his act in discharging the levy by surrendering the property to the defendant in attachment, was in no sense an act for which he as sheriff or the sureties on his bond as such were liable. Outside of this act, it is not pretended that any liability accrued for not making the money.

Affirmed.