# Carroll v. Burgin, *et al.*

*Action for Breach of Sheriff's Bond.*

(Decided Jan. 15, 1909. Rehearing denied Feb. 18, 1909.
48 South. 667.)

1. *Sheriff and Constable; Liability on Bond; Defenses.*—Where the only damage claimed is the loss of the property which is held by a defendant in detinue who was cast in the suit and who after the termination of the litigation tendered the property to a deputy sheriff, who refused to receive it, whereby the property was lost to the plaintiff, in an action on the bond of the sheriff for the recovery of the value of the property, the fact that the defendant tendered the property to the plaintiff after he had tendered it to the deputy, and the plaintiff refused to receive the property, may be shown in defense of such action.

2. *Same; Termination of Office.*—A sheriff does not breach his bond by refusing to receive property tendered by a defendant in detinue holding under a forthcoming bond, and cast in the suit, after his term of office had expired.

3. *Same; Defenses.*—The fact that the defendant in detinue offered to deliver the property to an attorney of record for the plaintiff and that he refused to receive it, is not a defense to an action on the sheriff's bond since by the terms of the bond the defendant was bound to deliver it to the plaintiff.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by W. C. Carroll against J. B. Burgin and others, sureties on his official bond as sheriff, to recover the value of the property recovered by plaintiff in a detinue suit, which was alleged to have been lost to plaintiff by the refusal of his deputy to receive it. From a judgment for defendant plaintiff appeals. Reversed and remanded.

PINKNEY SCOTT, for appellant. The court erred in overruling the demurrer to the 2nd plea.—*Brewster v. Gavin,* 127 Ala. 319; *Ryan v. Couch,* 66 Ala. 249. The demurrers to the 5th plea should have been sustained.— Sec. 1479, Code 1896; *Jesse French P. & O. Co. v. Brad-*

*ley,* 143 Ala. 535; *Ryan v. Couch, supra.* After the bond
has been executed to the sheriff it was in the custody of
the law.—*Gordaman v. Malone,* 63 Ala. 559; *Kemp, et
al. v. Porter,* 7 Ala. 138; see generally on this subject.—
*Gary v. The Bank,* 11 Ala. 774; *Evans v. The Governor,*
18 Ala. 662. The court erred in overruling demurrer to
the 6th plea.—Authorities supra. Counsel discuss other
assignments of error, relative to pleading and evidence,
but without further citation of authority.

TILLMAN, GRUBB, BRADLEY & MORROW and CHARLES E.
RICE, for appellee. The 2nd plea was good under the
terms of the statute.—Sec. 3783, Code 1907. The demur-
rer to the 6th plea was properly overruled.—28 A. & E.
Ency of Law, p. 36, and authorities cited. Counsel dis-
cuss other assignments of error, but without further
citation of authority.

SIMPSON, J.—The suit in this case was brought by
the appellant against the appellees, as principal and
sureties on the bond made by said Burgin as sheriff of
Jefferson county. The breaches of the bond alleged re-
late to a suit in detinue for the recovery of two mules,
commenced September 27, 1906. The property sued for
was taken into the custody of the sheriff, and on October
3, 1906, delivered to the defendant on the execution of a
forthcoming bond. On December 13, 1906, judgment
was rendered for the plaintiff. It is assigned as a breach
of the condition of the bond of said sheriff that "he fail-
ed to accept the property from the said James Barbour,
the defendant in said detinue suit, the same having been
tendered to Rush Randall, deputy sheriff, and acting
for him, within 30 days from the rendition of the judg-
ment against the defendant as aforesaid, and restore
the property to the plaintiff, as it was his duty to do."

The second plea set up the fact that "said Andrew W. Burgin was not sheriff of Jefferson county at the time of the alleged breach of said official bond." Demurrers were interposed to said second plea, and overruled.

The first assignment insisted on is to the overruling of said demurrer, and it is contended that said plea is not a sufficient answer to said count. The cases relied upon for this contention are *Bruister v. Gavin et al.,* 127 Ala. 317, 28 South. 410, and *Ryan v. Couch,* 66 Ala. 244. In those cases it was held that a sheriff who had levied a writ of attachment, and to whom a venditione exponas had been issued, was the proper party to make the sale, even though his term of office had expired; and the same principle was applied where the sheriff had, during his term of office, levied an execution. The reason upon which these decisions rest is that "by the levy of the writ upon chattels the officer acquires a special property therein" (*Bruister Case,* 127 Ala. 319, 28 South. 410), or that "he acquired a special property in the personal property levied on under the writ" (*Ryan Case,* 66 Ala. 249). That principle has no application to the present case, in which the property had been turned over to the defendant in the case, on the execution of a bond according to section 3778, Code of 1907, under which it was his duty, if he was cast in the suit, to "within 30 days deliver the property to the plaintiff" and pay his costs, etc.; and, if he failed to do so, the only duty of the sheriff was to "upon the bond make return of the fact of such failure."—Section 3783, Code of 1907. This bond was simply one of the papers which it was the duty of the retiring sheriff to turn over to his successor.—Section 1540, Code of 1907. When that was done, his responsibility ceased, and he had no right to receive the property. There was no error in overruling the demurrer to the second plea.

The other breach of the bond insisted on is that the sheriff failed to accept the mules when tendered to his deputy by the defendant (the principal in the forthcoming bond), after judgment had been rendered in favor of the plaintiff, "wherefore the plaintiff lost said property." In reply to this defendant's fifth plea is "that the said Barbour ( the defendant in detinue) tendered and offered to deliver said property to the plaintiff, after tendering the same to Rush Randall, and within 30 days from and after the rendition of said judgment in favor of the plaintiff against said Barbour, and that the plaintiff failed or refused to accept or receive the same." Appellant claims that it was the duty of the sheriff to receive the property and turn it over to him, and that it is no answer to the breach assigned to allege that the property was tended to the plaintiff within the time prescribed by the statute. It will be noticed that the only damage claimed is for the loss of the property. As before stated, the condition of the bond is that the defendant will "deliver the property to the plaintiff" (section 3780, Code of 1907) ; and, while it may be true that, if the property is tendered to the sheriff, it would be his duty to take it and turn it over to the plaintiff, it is difficult to see how the plaintiff could be damaged, in the loss of the property, by the sheriff's act, when the property was tendered to him in accordance with the conditions of the bond, and he refused to receive it. The case of *Jesse French, etc. Co. v. Bradley* was an action by a party who had given the bond to supersede an execution; the gravamen of the action being that the property was delivered or tended to the sheriff, and he, in place of returning that fact, as required by the statute returned the bond as forfeited in toto.—143 Ala. 530, 535, 39 South. 47. There was no error in overruling the demurrer to the fifth plea.

The sixth plea offers, as a defense, the fact that the defendant in the detinue suit offered to deliver said property to Pinkney Scott as attorney for the plaintiff (he being the attorney of record for the plaintiff) within the 30 days prescribed by the statute, and that said Scott refused or failed to accept the same. This plea was demurred to, and the demurrer overruled. The insistence is that this was error, because the attorney was not obliged to receive the property for his client. While it is held that an attorney who sues for money due his client has authority to receive the money, and a tender to him is equal to a tender to the client (4 Cyc. 940, 947-949; 28 Am. & Eng. Ency. Law, 36; *Jackson v. Crafts,* 18 Johns,[N. Y.] 110; *Salter v. Shore,* 60 Minn. 483, 62 N. W. 1126; *Frazier v. Parks, Adm'r,* 56 Ala. 363), yet we cannot say that a tender to the attorney of property which the defendant had obligated himself to deliver to the client would satisfy the bond.

For the same reason, that part of the oral charge excepted to was erroneous.

The judgment of the court is reversed, and the cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.