[Fairbanks v. Chunn.]

# Fairbanks *v.* Chunn.

### *Trespass, Trover and Case.*

#### (Decided Nov. 21, 1911. 56 South. 847.)

1. *Evidence; Competency.*—Where the plaintiff, in an action against a third person who has destroyed his landlord's lien on a crop, testified as to the terms of the tenancy contract, what he had furnished under it, how much rent he had received, and what was due under it, the defendant should have been permitted to show by the tenant the substance of the contract.

2. *Trover and Conversation; Demand; Necessity.*—In the absence of a demand for the plows, the fact that the defendant permitted them to remain on his premises where they were left by plaintiff's tenants was not sufficient to show a conversion by the defendant of the plows.

3. *Pledges; Chattel Mortgages; Right of Mortgage.*—While the pledgee of a chattel mortgage has a special property in the mortgage and in the property therein conveyed, and has a prima facie or prior right to sue on the mortgage and to recover the property mortgaged, the pledging mortgagee is entitled to recover as against the mortgagor or a third party for trespass or conversion of the mortgaged property, especially where the pledgee's right will not be affected or he consents to the suit by the mortgagee.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Robert D. Chunn against John Fairbanks in trespass, trover, and in case. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following is charge 8. "I charge you that you cannot find any damages by reason of a taking or conversion of the two one-horse turning plaws."

TIDWELL & SAMPLE, and TROUP & NIX, for appellant. The pledgor has no right to the possession of the property pledged until he has extinguished the debt secured or made sufficient tender of payment; hence, the plaintiff in this case has no right to the property, and hence, could not maintain this action.—22 Cyc. 858; *Noles v.*

[Fairbanks v. Chunn.]

*Marrable,* 50 Ala. 366; *Hall v. Page,* 48 Am. Dce. 238; *Geron v. Geron,* 15 Ala. 588; *Cook v. Cheney,* 14 Ala. 165; *Holman v. Ketchum,* 45 South. 207; *Jones v. Wilson,* 34 South. 392. As to further definitions of trover and trespass see *Booker v. Jones,* 55 Ala. 266; *Elmore v. Simon,* 67 Ala. 526; *Corbett v. Reynolds,* 68 Ala. 374; *Cook v. Thornton,* 109 Ala. 523. No right existed as against a stranger.—*Nelson v. Owen,* 21 South. 75; 28 A. & E. Enc. of Law, 676. A pledgee has the right to bring suit in his own name on a note held by him as collateral.—Authorities supra. Under the facts in this case, the appellant was not liable for the plows left on his place.—*Prince v. Puckett,* 12 Ala. 832; *N. C. & St. L. v. Walley,* 41 South. 135; *Glaze v. McMillan,* 7 Port. 279. A demand was necessary.—*Haas v. Taylor,* 80 Ala. 466; *Boutwell v. Parker,* 124 Ala. 344.

WERT & LYNNE, for appellee. Under the facts in this case, either the pledges or pledgor mortgagee could maintain the action.—2 Kent's Comm. pp. 580 and 585; 2 Blacks. 453; 31 Cyc. 840; 2 How. Pr. 359; 7 Am. Dec. 294; 171 U. S. 474. In any event, a stranger cannot question the rights of the mortgagee.—Jones on Chattel Mortgages, secs. 446-447a. Counsel discuss other assignments of error, but without further citation of authority .

PELHAM, J.—Count No. 1 of plaintiff's complaint is in trespass, alleging the taking of certain goods; count 2 is for a conversion of the same goods; count 3 alleges the destruction of a mortgage lien on the same personal property; and counts 4 and 5 allege that the plaintiff's landlord's lien on certain of the property of two tenants was lost or destroyed by the removal or disposition of the property by defendant with notice

of the lien. Issue was joined by the defendant on each count of the complaint, "with leave to give in defense any matters which could have been given under pleas well pleaded." There was a judgment in favor of the plaintiff in the court below, and the defendant appeals.

Under the evidence as set out in the bill of exceptions, Joe and Will Fairbanks, nephews of the defendant, rented land from the plaintiff for. the crop year of 1908 for one-third of the corn and one-fourth of the cotton, and in July of that year they each executed to plaintiff a note and mortgage on their respective crops and certain other personal property to secure advances. Each of these notes and mortgages was turned over by the plaintiff, at or about the time of its execution and delivery to him, to the Tennessee Valley Bank of Decatur as collateral security for a loan made by the bank to the plaintiff, and at the time this suit was commenced was so held by the bank; the debt of the plaintiff to the bank, for which the mortgages had been pledged to the bank by the plaintiff, not having been paid. These mortgages were turned over to plaintiff's counsel, after suit was brought and before the trial, and were produced upon the trial.

The evidence further shows that the defendant bought and hauled to his place, some miles distant, part of the corn raised on the place in 1908 by the plaintiff's tenants, Joe and Will Fairbanks, and that two one-horse turning plows were left by one John Fairbanks, a son of Joe Fairbanks, on the defendant's place; but the evidence does not show these plows were bought by defendant, or that they were left on his place with his consent, and defendant denied any responsibility for their being brought upon his premises. The testimony of defendant was to the effect that he had not purchased

[Fairbanks v. Chunn.]

them, had nothing to do with them, had never consented to their being left upon his place, and had never used them, and no demand of any kind had ever been made upon him for them. The plaintiff testified that there was a balance due on each of the mortgages for rent and advances. Will Fairbanks denied signing the mortgage, and testified that he had paid or satisfied the claim of his landlord, Chunn, for rent and advances, before selling the defendant any of the corn. Joc Fairbanks, the other tenant, was not examined as a witness.

The first assignment of error insisted upon by the appellant in his brief goes to the ruling of the trial court on a question propounded to defendant's witness Will Fairbanks, as follows: "What was the substance of your contract with Mr. Chunn?" Count 5 of plaintiff's complaint is for the destruction of a landlord's lien claimed by plaintiff on the crop of this tenant, Will Fairbanks; and the plaintiff had testified upon his examination as to the terms of the contract of tenancy, and what he had furnished, and how much rent he had received, and what was due under it, and it was clearly relevant and proper to allow this witness to testify to the substance of the contract, and the court was in error in sustaining the objection to the question.

There was no evidence that the two plows were tortiously obtained, or that they were even taken into possession by the defendant, further than that it was shown they were left on his premises by one of the plaintiff's tenants. The evidence is without conflict that the defendant did not buy the plows, and refused to receive them when they were brought to his place and left there, and it is not shown that he asserted any acts of ownership over them, or made any denial of plaintiff's title, or set up any claim to them; and, on the contrary, the de-

fendant testified that he did not consent to receive them, and had never used them, or claimed them for himself or any one else, and that no demand had ever been made upon him for the plows. The evidence was far short of showing a trespass, and it is not sufficient to establish a conversion, without demand having been made, to show only that the property alleged to have been converted was placed on the premises of the one charged with the conversion and allowed by him to remain there; and the court was in error in refusing charge No. 8, requested by the defendant.—*Glaze v. McMillion,* 7 Port. 279; *Bolling v. Kirby & Bro.,* 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789; *Davis & Son v. Hurt,* 114 Ala. 146, 21 South. 468; *King v. Franklin,* 132 Ala. 559, 31 South. 467.

Counsel for appellant insist in their brief, and argue at some length, that the defendant is entitled to the general charge on those counts of the plaintiffs complaint setting up the mortgage and relying upon it for a title to the property sued for, for the reason that the evidence was without dispute that at the time suit was brought the mortgage was not in the possession of the plaintiff, but had been delivered to the Tennessee Valley Bank, and was held by it as collateral security for a loan made to the plaintiff by the bank. While there seems to be a conflict in the authorities on this proposition, we think the better rule to be that while the pledgee has a special property in the instrument pledged and the property embraced in it or secured by it, as in the case of a mortgage, and has the prima facie or prior right to maintain an action on the pledged instrument, and has the same primary right to recover the property embraced or secured by a mortgage so pledged, there is no sound reason why the pledgor, who is the real

[Fairbanks v. Chunn.]

owner, should be barred from a right to recover against a defendant who owes the mortgage debt, or against one claiming under him or a third party for a trespass or conversion of the property embraced in the mortgage; and especially is this true where to maintain the suit will not oust the pledgee of his security, and in this case the mortgage pledged was produced by the plaintiff, the pledgor, upon the trial, with the full knowledge and consent of the pledgee.

The defendant, who owes the debt, or those claiming under him, or a third party who converts the property, has no interest whatever in protecting the rights of the pledgee. The only concern of such third party or wrong-doer would be in protecting his own rights, and every defense is open to him against the pledgor, the original holder, that could possibly be available if the suit was at the instance of the pledgee. It cannot be said that two recoveries could be had; for if a mortgage is relinquished by the pledgee to the pledgor, to be produced upon the trial, the defendant's payment under such circumstances to the original holder, the pledgor, would be an extinguishment of the debt (*Hewitt v. Williams,* 47 La. Ann. 742, 1q South. 269), and the pledgor, for the same reason, could maintain a suit against a trespasser or other wrongdoer, and a recovery by him would be a bar to recovery for the same cause of action at the suit of another.

The principle was recognized and laid down as a sound rule by the great pioneer law writers that a right of action existed in favor of both the bailee and the bailor for injury to the property bailed, and that a judgment obtained at the suit of one is a bar to an action for the same wrong at the suit of another. Blackstone's Commentaries, vol. 2, p. 453; Kent's Commentaries, vol.

2, p. 585. The later text-book writers also approve the same rule. Mr. Jones, in his book on Pledges (paragraph 434), says: "For an injury done by a stranger to the thing pledged, or for a conversion of it by him, an action may be maintained either by the pledgor or by the pledgee. The former may maintain either an action of trespass or an action of trover. by virtue of his general ownership of the property, and the latter may maintain either action by virtue of his special property in it and of his · actual possession of it. Moreover, either party is entitled to recover of a stranger the full value of the pledge; though, when the pledgee makes such recovery, he will hold the surplus above the amount required for the payment of the debt secured in trust for the general owner. But a judgment recovered by either the pledgor or pledgee is a bar·to a suit by the other for the same cause of action."

In section 352 of his book on Bailments, Mr. Story makes this statement: "As the general property of goods pawned remains in the pawnor, and the pawnee has a special property only, the latter, as well as the former, may maintain an action against a stranger for an injury done to it or for any conversion of it. Where there is any injury or conversion by a stranger for which an action lies by both the pawnee and the pawnor, a recovery by either of them will oust the other of his right to recover, and there cannot be a double satisfaction." See also, Schouler's Bailments and Carriers, § 223.

For the error committed by the trial court in sustaining an objection to the question asked the witness Will Fairbanks, and the error committed in refusing to give charge No. 8 requested by the defendant, the case must be reversed.

Reversed and remanded.