# Crescent News & Hotel Co. *v.* Hines.

## *Trover and Conversion.*

(Decided January 23, 1913.   Rehearing denied February 4, 1913.
61 South. 9.)

1. *Trover and Conversion; Recovery by Bailor or Bailee.*—A recovery for conversion of the subject matter of the bailment by either the bailor or the bailee ousts the other of his right of action.

2. *Same; Judgment; Payment; Effect.*—The payment to the owner of property wrongfully taken from him of a judgment in his favor of the value thereof has the effect of a purchase of the property by the defendant in the judgment.

39 CA

[Crescent News & Hotel Co. v. Hines.]

3. *Same; Title to Maintain; Military Officer.*—A contract by the commander of a company of the National Guard of the state with a bailee for the keeping and delivery for hire of rifles in his possession, by virtue of his office, is not invalid because the state owns the rifles, and the failure of the bailee to return the rifles is a tort against the officer.

4. *Same.*—Where the commander of a company of the National Guard of the state in possession of rifles delivered them to defendant under a contract of bailment, and defendant failed to return them, and was unable to do so, the commander could maintain an action for the conversion without first settling with the state for his liability as the custodian of the rifles, notwithstanding the state had the right to recover them wherever and whenever found, and the commander being liable to the state, under section 947, Code 1907, for the safe custody and return of the property, could recover from defendant the value thereof, thereby enabling him to meet his liability to the state.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Trover and conversion by J. A. Hines as commander of a company of the National Guard of the state, against the Crescent News & Hotel Company, for a failure to deliver certain rifles delivered to its under a contract of bailment. Judgment for plaintiff and defendant appeals. Affirmed.

HORACE STRINGFELLOW, for appellant. The appellee, agent or bailee of the state, had no authority to sue for the value of the property until the state by demanding and accepting the value of such property from him had elected to relinquish the same, and, therefore, the appellant was not estopped from pleading in abatement the title of the state, and that plaintiff had never paid for the rifles.—Sections 2240 and 7413, Code 1907; 36 Cyc. 1067; *Vandiver v. Pollack,* 107 Ala. 558; *Hamm v. Fuller,* 7 Ala. 717; *Steamboat Farmer v. McGraw,* 26 Ala. 718; s. c. 31 Ala. 614. The doctrine of estoppel will not apply to a private individual where the public interests are concerned.—16 Cyc. 781; 15 A. & E. Enc. of Law, 1014; *Boyett v. Standard Chem. Co.,* 146 Ala.

[Crescent News & Hotel Co. v. Hines.]

554; *Wes. U. v. Young,* 138 Ala. 240; *Moog v. Hannon,* 93 Ala. 504; *Vines v. Jaffe Jew. Co.,* 1 Ala. App. 390. The complaint showing that the rifles belonged to the state, there was no presumption that they had ceased to exist, or that the state could not recover them.—*Cooper v. Ga. Pac.,* 92 Ala. 359; *Clements v. Hayes,* 76 Ala. 380; 22 A. & E. Enc. of Law, 1243.

WEIL, STAKELY & VARDAMAN, for appellee. Plaintiff was entitled to recover full value.—38 Cyc. 2089; 14 A. & E. Ann. Cases, 635 and note. The pleas show that plaintiff was the legal bailee or custodian, and that the state was the bailor, and it appears from this complaint, that as such bailee plaintiff made a contract of bailment with defendant, and that, therefore, defendant is estopped to set up want of title in its bailor unless it shows that the bailee's bailor had elected to proceed against it for a recovery of the goods, or had obtained judgment which had been paid.—*Riddle v. Blair,* 42 South. 560; *Moore v. Berry,* 19 Ala. 130; *Myer v. Hearst,* 75 Ala. 390; *Sergeant v. Moore,* 12 Ohio Dec. 511; 29 Cyc. 495. Under the facts, either the state or the appellee had a right to sue.—Sections 2462, 2463, and 2464, Code 1907; *Hackney v. Perry,* 44 South. 1029. Under the above authorities, appellant not claiming any title to the rifles, cannot inquire what appellee's interest therein is.

WALKER, P. J.—The complaint in this case contained five counts, one of which was in the Code form for conversion, alleging the conversion of 10 Springfield rifles. Each of the other four counts alleged the delivery by the plaintiff to the defendant of 10 Springfield rifles to be kept by the latter for hire under an agreement on its part to redeliver said rifles to the plaintiff

on demand. Two of these four counts are in contract; the breach assigned being the failure of the defendant (appellant here) to redeliver the rifles to the plaintiff after proper demand for the same. The remaining two counts claimed damages for the alleged negligent failure of the defendant to redeliver the rifles upon the plaintiff's demand. The defendant filed two pleas in abatement, each of which averred that the rifles referred to in the complaint were issued under the military laws of the state of Alabama to the plaintiff as commander of the La Fayette company of the National Guard; that said rifles were taken from the possession of the defendant's agent by members of said National Guard and that defendant has been unable to recover the same; that no examination or survey of the loss of said rifles has ever been made under the laws of the state of Alabama or of the United States, and that no proceeding has been instituted against the plaintiff for or on account of said rifles, and that he has not paid for the same or any of them. One of the two pleas further alleged that since the filing of the complaint in this case the said La Fayette company has been mustered out under the laws of the state of Alabama, and that the plaintiff no longer has any connection with the National Guard of said state. The appellant assigns as error the action of the court in sustaining demurrers interposed to these pleas.

As the complaint in its different counts shows liability of the defendant to the plaintiff both in contract and in tort, it is plain that the action is maintainable, unless the pleas mentioned disclose the existence of a special feature in the case which renders unavailable to the plaintiff the remedies which ordinarily may be resorted to when such breaches of duty occur. We understand the contention of the counsel for the appellant

(the defendant below) to be that the suit must be treated as one for the recovery of the value of the rifles mentioned; that the recovery of such value by the plaintiff cannot be permitted, because, by reason of the fact that the rifles in question are the property of the state and are recoverable at the suit of the state in whosoever hands they may be found, such recovery by the state's bailee, the plaintiff, who is without right to do anything that will be effectual to bar the state's right to recover the property itself, cannot be given the effect, ordinarily accorded to such a judgment when it is satisfied, of vesting in the defendant in the judgment ownership of the thing converted by him; and that the result is that the plaintiff must be treated as without the right to maintain an action for the breaches of duty counted on, until, by a settlement by him with the state for the rifles in question, he brings about the existence of a state of facts under which the payment of the judgment recovered by him against the defendant would have the effect of vesting in the latter the ownership of the property for the value of which the judgment was recovered, and of thus affording to it protection against the assertion of title by the former owner, the state.

The general rule is that a recovery by either the bailor or the bailee for the conversion of the subject of the bailment will oust the other of his right of action. —*Hare v. Fuller,* 7 Ala. 717; *Fairbanks v. Chunn,* 2 Ala. App. 642, 56 South. 847. It is also a general rule that the payment to the owner of property wrongfully taken from him of a judgment in his favor for its value is given the effect of a purchase of the property by the defendant in the judgment.—*Vandiver v. Pollock,* 107 Ala. 547, 19 South. 180, 54 Am. St. Rep. 118; *White v. Martin,* 1 Port. 215, 26 Am. Dec. 365. Assuming that

this last stated rule could not be applied in this case so as to make any judgment recovered by the plaintiff against the defendant a bar to the state's right to recover the rifles themselves in whosoever possession found, would it follow from this that either of the above-mentioned pleas discloses a ground for abating the action?

The contention is not made, and we do not think that it could successfully be made, that the state's ownership of the rifles, of which the plaintiff was the lawful custodian, rendered invalid the contract of bailment entered into by the defendant with the plaintiff, as alleged in some of the counts of the complaint, or prevented the defaults of the defendant averred in other counts from amounting to a tort as against the plaintiff.

The plaintiff had such a rightful possession or special property in the subject of the contract or of the tort alleged that the defendant's alleged breach of duty to him, whether of the one kind or the other, gave rise to a right of action in the plaintiff. Assuming that the fact of the state's ownership of the rifles would affect the amount of damages recoverable by the plaintiff in a suit asserting such rights of action, yet there does not occur to us any valid reason for affirming that to that fact should be accorded the effect of postponing the accrual to the plaintiff of the right to maintain a suit based upon the breaches of duty alleged, until, by a settlement with the state of his liability, as the legal custodian of the rifles, he had acquired the right to recover of the defendant such damages as would have been recoverable if the rifles had been private property. The breach of contract or the tortious conduct alleged gave rise to a right of action in the plaintiff, whether or not the public nature of the property in reference to which

the defendant was charged with breaches of duty owing to the plaintiff would have such a bearing on the question of the measure of the damages recoverable in the case as to prevent an award to the plaintiff of the value of that property as damages to which he was entitled. The existence of such rights of action entitle the plaintiff to maintain the suit, even though the averments of the pleas are regarded as showing that he is entitled to recover no more than nominal damages. His right to maintain the action is not dependent upon his having the right to recover therein the value of the rifles. In other words, conceding that the state of facts set up in the two pleas had an effect upon the right accruing to the plaintiff from the breaches of duty counted on, that effect was, not to prevent or postpone the accrual to him of any right of action at all for such breaches of duty, but to limit the amount of damages recoverable by him of the defendant. Neither of those pleas showed that the plaintiff was not entitled to maintain the suit at the time it was instituted. As the record does not show that the matters averred in those pleas were sought to be availed of by the defendant for any other purpose than the abatement of the suit, and as they were not entitled to be given that effect, the action of the court in sustaining the demurrers to those pleas did not wrongfully deprive the defendant of any benefit to which it may have been entitled in the suit by reason of the existence of either of the states of fact averred in the pleas.

We are not to be understood as deciding or intimating that the averments of either of the pleas showed a lack of right in the plaintiff to recover of the defendant the value of the rifles. Those pleas do not show the existence of any excuse at all for the defendant's failure to return them to the plaintiff. For anything that

is averred, it may have been altogether at fault in parting with the possession of them. Its inability to recover the rifles is averred, and it is not suggested that there is any actual possibility of the state's ever being able to recover them or that they are even still in existence, or that they have not, to the knowledge of the defendant, been destroyed. In view of such a state of facts, to say the least, it is not plain that the fact of the existence of the bare legal right in the state to recover the property so long as it may be found is entitled to be given the effect of depriving the plaintiff, who is liable to the state for the safe custody and return of it (Code, § 947), of the right, as against the wrongdoer who is chargeable with responsibility for its disappearance, to recover the value of it, and thereby be enabled to meet his liability to the state.—Mechem on Public Officers, § 891.

Affirmed.