# Higdon *v.* Warrant Warehouse Company.

### *Conversion by Bailee.*

(Decided June 17, 1913. Rehearing denied November 11, 1913. 63 South. 938.)

1. *Appeal and Error; Bill of Exceptions; Striking.*—Under rule 32, Circuit and Superior Court Practice, a bill of exceptions containing the stenographic report of the trial giving the testimony in questions and answers is so unnecessarily prolix and such a flagrant violation of the rule that it will be stricken on motion.

2. *Same; Review; Questions Presented.*—Where the only errors assigned were the refusal of the trial court to direct a verdict for the appellant and that the verdict was contrary to the law and the evidence, such assignments cannot be reviewed unless presented by bill of exceptions, and where the bill of exceptions is stricken they are not presented for review.

3. *Bills of Exceptions; Preparation; Mode.*—Where the meaning of answers of witneses was a disputed question between the parties, and apellant contended in the trial court that there was no conflict in the evidence, and that he was entitled to the general affirmative

[Higdon v. Warrant Warehouse Company.]

charge, it was not a violation of rule 32 Circuit Court Practice, for the bill of exceptions to set out such testimony in the form of questions and answers.

4. *Execution; Levy; Interest of Sheriff.*—A sheriff who has levied an execution or attachment upon property acquires a special title or property in the goods and chattels so levied upon, and authorizes him to bring detinue, trover or trespass against one who wrongfully disturbs his possession.

5. *Same.*—A sheriff's special title in goods taken on execution is based upon the theory that he is liable over to someone else, and his title ceases when the execution creditor is satisfied and the purchaser at execution sale is put in possesion; but until such purchaser is put into possession, the sheriff has such an interest in the property as to authorize him to maintain an action against a bailee who refuses to redeliver it.

6. *Same; Effect; Sale.*—Under section 4125, Code 1907, a sale of property taken on execution passes to the purchaser all title which the sheriff acquired by his levy.

7. *Same; Sale; Validity.*—Where bulky property is levied upon, it may be sold by sample, and the sale passes title to the purchaser although the property is at that time in the hands of a bailee who holds it for a sheriff.

8. *Same; Levy; Validity; Estoppel to Deny.*—Where a warehouseman held the cotton upon which the sheriff levied an execution, and the warehouseman agreed thereafter to hold the cotton as bailee for the sheriff, he is estopped from subsequently attacking the validity of the levy.

9. *Same; Validity.*—Where a sheriff in levying execution upon cotton stored in a warehouse located two bales numbered 3416, and 3423, corresponding with those sought, and crawled up on top of the bales to see the numbers but made no identification mark thereon, there was not a valid levy, it appearing that there were other bales of cotton in the warehouse of the same numbers, and the sheriff having failed to place identification marks on the cotton sought to be levied upon.

10. *Action; Character.*—The sheriff who levied upon property and delivered it to a bailee could maintain assumpsit for the bailee's breach of duty to re-deliver, while of course he had the election to bring trover.

11. *Warehousemen; Re-delivery; Excuse.*—As section 6135, provides for the delivery by a warehouseman of property stored with him to the owner or holder of the receipt, if it has not been taken under a judicial process, a warehouseman may excuse his failure to re-deliver coton stored with him because of the fact that it was seized under execution.

12. *Charge of Court; Directing Verdict.*—Where the evidence upon which plaintiff's right to recover depends is in conflict, a verdict cannot be directed for plaintiff.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by E. L. Higdon, as sheriff, against the warrant Warehouse Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 1 of the complaint as amended is as follows: "Plaintiff claims of the defendant the sum of $200 damages, for this, to wit, that on, to wit, the 29th day of November, 1910, at Birmingham, Ala., the plaintiff, who was sheriff of Jefferson county, through his deputy, one Sid Cowan, levied upon two bales of cotton, the property of John Bowlin, the judgment debtor, upon which this plaintiff, by and through his said deputy, had levied an execution, delivered to him as such sheriff, which was stored in the warehouse of defendant's, and that the said deputy, Cowan, acting within the line and scope of his authority, after assuming dominion over said cotton, left the same with the defendant company, which said cotton was of value, to wit, $150, or $75 per bale. Said cotton was left with defendants to be by them safely and securely kept for the plaintiff for a compensation, and to return and redeliver to plaintiff on request. Plaintiff avers that he duly performed all conditions thereof on his part, and on or about, to wit, the 2nd day of January, 1911, requested the defendants to redeliver the same. That defendants, not regarding their promise, did not take due care of and safely keep and deliver the said cotton to plaintiff, nor did they when so requested, or at any time afterwards, redeliver the same to plaintiffs; but, on the contrary, the defendants so negligently and carelessly conducted themselves with respect to the cotton, and took so little care thereof, that by and through the mere carelessness and negligence or improper conduct of the defendants, or their servants, the cotton was wholly lost to plaintiff," etc.

W. K. TERRY, for appellant. Personal notice of a levy on personal property is not necessary.—Sec. 4104,

[Higdon v. Warrant Warehouse Company.]

Code 1907. All that is necessary to a valid levy on· an execution on personal property is to obtain dominion and control of it.—*Andrews v. Keith,* 34 Ala. 728; *Inman-Smith & Co. v. Sloss,* 122 Ala. 469. The proper levy of execution vests title in the officer making it.— *Barnes v. Baker,* Minor 373. The acceptance of the bailment by the bailee estops him from denying the title of the bailor.—*English v. McNair,* 34 Ala. 40; 3 ·A. & E. Enc. of Law, 757-8; 40 Cyc. 439. A bailee delivers to third persons at his peril always, and the burden is on him to establish superiority of title to which he has yielded.—*Powell v. Robinson,* 76 Ala. 423; 40 Cyc. 442. Where goods are confused by the fault of the bailee, the bailee must bear the loss.—6 A. & E. Enc. of Law, 598. Counsel insists on application for rehearing that the bill of exceptions under the circumstances in this case was necessarily prepared as it appears in the record, and that the court was in error in holding that it violat-. ed rule 32, and in support thereof cites *Woodward I. Co. v. Herndon,* 130 Ala. 364; *Gainor v. L. & N.,* 136 Ala. 244; *B'ham Nat. Bank v. Bradley,* 134 Ala. 660; *Irby v. Kaigler,* 60 South. 418; *Hester v. Cantrell,* 169 ·Ala. 490; *Chicago P. Co. v. Robbins,* 45 South. 217.

FRANK S. WHITE & SONS, for appellee. The bill of exceptions is in clear violation of rule. 32, Cir. Ct. Pr.·, and should be stricken.—*B'ham Nat. Bank v. Bradley,* 134 Ala. 660; *Chicago P. Co. v. Robbins,* 45 South. 217; *So. Ry. v. Jackson,* 133 Ala. 384; *Gassenheimer's Case,* 127 Ala. 183; *L. & N. v. Hall,* 131 Ala. 166; *Woodward I. Co. v. Herndon,* 130 Ala. 364. The only errors assigned are those which must be presented by bill of exceptions, and hence, will not be reviewed if the bill of exceptions is stricken. · In any event, they are without merit, as under the evidence conflicting inferences could

be drawn, and hence, a verdict could not be directed. It also appears that the court heard the witnesses, and having failed to set aside the verdict because contrary to the evidence and the law, this court will not review its findings.—*Cobb v. Malone,* 97 Ala. 630; *B. R. L. & P. Co. v. Dennison,* 163 Ala. 147.

THOMAS, J.—The assignments of error relate only to the action of the trial court in refusing the affirmative charge requested by appellant and in overruling his motion for a new trial based on the grounds that the verdict was contrary to the evidence and was contrary to the law. The case is submitted on its merits and on appellee's motion to strike from the record the bill of exceptions, because prepared in violation of rule 32 of the rules of practice of circuit and inferior courts, in that it is in large part but a stenographic report of the trial, giving seriatim the questions propounded to the witnesses, during the progress of their examination, by both counsel and the court, and their answers to the same in extenso. The bill is thus rendered unnecessarily prolix, and is such a flagrant violation of the rule mentioned that, under the following authorities, the motion to strike must prevail.—*Irby v. Kaigler,* 6 Ala. App. 91, 60 South. 418; *Hester v. Cantrell,* 169 Ala. 490, 53 South. 1009; *Birmingham Nat. Bank v. Bradley,* 134 Ala. 660, 31 South. 1035; *Chicago Portrait Co. v. Robbins,* 155 Ala. 673, 45 South. 217.

The errors assigned are of a character, as noted, that cannot be reviewed without a bill of exceptions, and the judgment of the lower court will therefore be affirmed.

Affirmed.

[Higdon v. Warrant Warehouse Company.]

### ON REHEARING.

It is suggested by appellant's counsel that it was necessary to set out the questions to and answers of the several witnesses in extenso in the bill of exceptions, in the shape as complained of and condemned in the foregoing opinion, in order for this court to be able to properly interpret or determine the real meaning and legal effect as evidence of those answers, which seems to have been a disputed question between the parties— the appellant here contending, in the first instance, that if his construction be correct there was no conflict in the evidence and he was consequently entitled to the affirmative charge, which was refused him; and, in the second instance, that if there was conflict the evidence was so overwhelming in his behalf that the court should have set aside the verdict and judgment for the defendant and granted a new trial on the motion, while, on the contrary, it was denied. On reconsideration, we are of opinion that there is merit in the suggestion as to the necessity in this particular case of so setting out in the bill of exceptions the questions to and answers of the several witnesses as they there appear, and therefore the order heretofore entered striking the bill of exceptions will be set aside and annulled; but, as we are still of opinion, after considering the case with the bill of exceptions as a part of the record, that the judgment of the lower court should be affirmed, as it was affirmed in the original opinion, the application of appellant for a rehearing will be denied.

The facts upon which the appellant (who was plaintiff below) bases his right to recover are so fully set forth in count 1 of the complaint as amended (which the Reporter will set out) as to be sufficient to a complete understanding of the points here considered and

decided, without the necessity of a further statement of them in that particular. The defendant pleaded the general issue.

It is well settled that a sheriff (which the complaint discloses the plaintiff was) acquires by virtue of the levy a special title or property in the goods and chattels upon which he levies a writ of execution or attachment, which will support detinue, trover, or trespass against one who wrongfully disturbs his possession; and this is upon the theory that he is liable over to some one else for the value of the property.—*Cobb v. Cage,* 7 Ala. 619; *Foster v. Mabe,* 4 Ala. 402, 37 Am. Dec. 749; *Ryan v. Couch,* 66 Ala. 250; *Bruister v. Gavin,* 127 Ala. 319, 28 South. 410; *Chaney v. Lumber Co.,* 132 Ala. 317, 31 South. 369.

Upon the same principle and on the same reasoning, he can maintain a suit, as here, in assumpsit against one to whom he has intrusted as bailee the custody of the property pending the levy, for a breach by such party of the contract of bailment in failing or refusing to deliver the property upon the subsequent demand of the sheriff; or he may, of course, treat the refusal to deliver as a conversion of the property and sue in trover for the tort, rather than in assumpsit for the breach of the contract.—*Crescent News & Hotel Co. v. Hines,* 7 Ala. App. 609, 61 South. 9; *Easley v. Walker,* 10 Ala. 671; Am. & Eng. Ency. Law, vol. 25, p. 707 et seq.; Story on Bailments, § 124 et seq.

His right of action in every case, however, is dependent upon his liability over to some one else. He cannot, after he has been discharged from such liability, maintain the action, unless, of course, that discharge resulted from his payment of the liability.—Ency. supra, and cases cited in note 1, p. 709. From the time of the levy until the property is sold and the proceeds paid to

[Higdon v. Warrant Warehouse Company.]

him, his liability for the value of the property levied upon is to the plaintiff in execution, who had the right to have the property sold at execution sale and its proceeds applied to the judgment. When, however, those proceeds have, as a result of such sale, come into the hands of the sheriff, whether they have been actually paid by him to the plaintiff, or not, then, of course, the right of the plaintiff in execution attaches to them and ceases in the property itself; and consequently the sheriff is thereafter liable to the plaintiff for these proceeds alone, until he pays them; and he is in no way liable to the latter for, or on account of, or with respect to, the property itself, or its value; and could not, consequently, maintain an action for either on any such theory. In other words, his right to recover from a third person the property or its value, so far as any liability he may be under therefor to the plaintiff in execution is concerned, ceases after an execution sale of the property and the payment of the purchase money. He has but one other duty to perform with respect to the property levied upon, after it has been sold at execution sale and the purchase money paid over to him, and this duty is not to the plaintiff in execution, but is to the purchaser at the sale, and that duty is to deliver to such purchaser the possession of the property.—*Foster v. Mabe,* 4 Ala. 402, 37 Am. Dec. 749; *Andrews v. Keith,* 34 Ala. 722; *Nabring v. Bank of Mobile,* 58 Ala. 204. Until this duty is performed, the sheriff's special title in the property continues, not, as seen, because of his liability to the plaintiff in execution with respect thereto—which liability, as noted, was discharged by the sale—but because of his liability to the purchaser, who bought at the sale on the assumption that the sheriff had acquired dominion over the property by the levy and would deliver its possession to him on payment of the purchase money.

[*Higdon* v. Warrant Warehouse Company.]

Here, the proof without conflict shows that, after the making of the alleged levy, and after the making, subsequent hereto, of the alleged contract of bailment with the defendant for keeping the custody of the property, and before the commencement of this suit, the plaintiff, as sheriff, sold the property, so levied upon and bailed, at an execution sale, had under and in satisfaction of the execution so levied upon it; and that at said sale one Yielding became the purchaser of the property, complying then and there with the terms of sale by paying the purchase money in full to the sheriff, who on that day formally returned to the city court, from whence it issued, the execution as fully executed and satisfied, reciting in the return the fact and date of the levy, of the advertisement and sale of the property, the name of the purchaser, the payment of the purchase money, and its application to the satisfaction in full of the judgment and costs. By his purchase at that sale, the purchaser, Yielding, acquired, so far as concerns the sheriff in this suit, the title of the defendant in execution to the property (Code, § 4125) ; and this is so notwithstanding the property itself was not actually produced by the sheriff at the sale, but was sold upon and by samples exhibited and asserted to have been taken from the cotton then asserted to be under levy in the custody of defendant as the sheriff's bailee and in his warehouse in the city where the sale was had. The absence of the property at the place of sale, it has been held, does not render the sale void, if there was a valid prior levy.—*Foster v. Mabe,* 4 Ala. 402, 37 Am. Dec. 749; *Andrews v. Keith,* 34 Ala. 723. After the sale and the payment of the purchase money to the sheriff, the purchaser made demand upon the defendant here, the alleged bailee of the sheriff, for the possession of the cotton, which demand was refused; the defendant here denying that there had been

[Higdon v. Warrant Warehouse Company.]

a levy upon the property and a bailment to him. The purchaser reported this fact and complained to the sheriff, who, in recognition of his liability to the purchaser for a failure to deliver possession of the property, discharged it by paying the latter the value of the property, and brought this suit to recover it of the defendant and thereby to reimburse himself.

His right to recover, under the allegations of the complaint, depends upon the establishment by him of two other facts, both disputed: A valid levy upon the property and a bailment thereof to the defendant. It appears without conflict that at the time of the alleged levy the defendant was in possession of the property as a warehouseman—as bailee—for the defendant in execution. His liability to the latter as such bailee is relieved if the property is taken from his custody under legal process.—Code, § 6135. The attempted levy was futile and of no effect as such in this case, even if we accept as true all the testimony of the plaintiff's witnesses as to how it was made, unless the defendant here recognized its sufficiency at the time by agreeing on account thereof to hold the property thereafter as bailee for the sheriff. If he did, he is now estopped from denying the validity of the levy.—Story on Bailments, § 125. If he did not, then the sheriff cannot recover; because his own proof shows that, in the absence of such bailment, he did not assume such dominion and control over the property as for his acts to constitute a valid levy. It appears that all he did was to go into the defendant's warehouse, where there were hundreds of bales of cotton, and locate, with the aid of a negro porter working at the warehouse, two bales whose numbers (3416 and 3423) corresponded with those he sought, crawl up on top of these bales to see these numbers, and then go out and tell the stenographer in the office of the warehouse that

he had levied on two bales of cotton in the warehouse, numbered 3416 and 3423, and leave at said office a written notice to this effect for the president of defendant company, who was not in. It appears without dispute that there were other bales of cotton in the same warehouse bearing the same numbers, and that, consequently, the cotton levied on could not be distinguished from other cotton bearing the same numbers by giving the numbers only; but that it was necessary to this end to give other marks of identification which each bale bore in addition to the number on it. The cotton was not removed by the sheriff and not even in any way set apart or separated from the the other cotton in the warehouse, into which a large number of new bales were coming daily; but it was left there just as it was, without any other assumption of dominion over it by the sheriff than in the way we have stated. The acts of the sheriff (or, rather, his deputy) in this particular were not sufficient in themselves to constitute a valid levy.— *Hamilton v. Maxwell,* 119 Ala. 23, 24 South. 769; *Abrams v. Johnson,* 65 Ala. 465; *Inman v. Schloss,* 122 Ala. 468, 469 ( 25 South. 739. Hence, if he is to recover, it must be upon the ground of an estoppel on the part of the defendant here to deny the validity of the levy, which depends upon whether or not there was a contract of bailment entered into by it with the sheriff in recognition of the levy. In fact, the complaint itself is predicated upon such a contract, and it must be proved at all events before the plaintiff can recover.

As to whether there was such a contract, the evidence is in conflict, which, of course, justified the court in refusing the affirmative charge requested by the plaintiff; and that conflict is so serious in material particulars that we are not willing to say that the court, who saw and heard the witnesses, was not likewise justified in

overruling the plaintiff's motion for a new trial.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738.

The application for rehearing is consequently overruled, leaving the judgment of affirmance heretofore entered to stand; but the former order of this court striking the bill of exceptions from the record is set aside and annulled for reasons stated in the foregoing opinion.

Application overruled; affirmed.