[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-13048

_____

D.C. Docket No. 2:14-cr-00319-KOB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

DIAMOND DEALER, LLC,
LEVY'S FINE JEWELRY,
XL SPECIALTY INSURANCE COMPANY,

Interested Parties - Appellees,

versus

LAZARE KAPLAN INTERNATIONAL INC.,

Interested Party - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 10, 2021)

Before JORDAN, BRASHER, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal asks us to determine who owns jewelry that Joseph Gandy reported stolen from his Alabama jewelry store in 2004. At the time of the reported theft, Lazare Kaplan International had consigned several of these pieces to Gandy to sell. After Gandy reported the theft, his insurance company, XL Specialty Insurance, interpleaded $2.6 million into district court and joined all relevant parties. Under a consent judgment in that action, Lazare received $995,000 "in full satisfaction and discharge of any and all claims against any past or present party to this action." XL made similar payments to other similarly affected parties.

About a decade later, someone used some of the stolen jewelry as collateral to secure loans from Levy's Fine Jewelry and The Diamond Dealer, LLC. Law enforcement opened an investigation and discovered that Gandy had staged the theft and kept the jewelry. Accordingly, the United States prosecuted Gandy for money laundering, and he pleaded guilty. The United States filed an action to forfeit the jewelry and four parties filed claims: Lazare, XL, Levy's, and Diamond Dealer.

Gandy consented to a forfeiture, and the United States did not contest the claims of any third-party claimant. The district court resolved the dispute between the third parties by holding, among other things, that (1) Lazare had no present interest the property because it had accepted $995,000 in insurance proceeds in satisfaction of its claims, (2) XL had an interest in the property because it had

2

provided the insurance proceeds, (3) Levy's and Diamond Dealer had superior interests as to the specific jewelry that they had acquired as collateral. Accordingly, the district court awarded the property to XL, Levy's, and Diamond Dealer.

Lazare appealed. It argues that its interest in the property is superior to the interests of XL, Levy's, and Diamond Dealer. It also argues that XL has no legal interest and that XL's petition was improperly filed.

This Court reviews "a district court's legal conclusions regarding third-party claims to criminally forfeited property *de novo* and its factual findings for clear error." *United States v. Mar. Life Caribbean Ltd.*, 913 F.3d 1027, 1032 (11th Cir. 2019). A third party may be awarded property in a forfeiture action only it if "has a legal right, title, or interest" in the property. *See* 21 U.S.C. § 853(n)(6)(A). If a third party has no legal interest in the property, then it lacks statutory standing to file a petition in the forfeiture action. *See* 21 U.S.C. § 853(n)(2).

We conclude that the district court correctly held that Lazare has no interest in the property because Lazare gave up its claim to the property in the interpleader action. When Lazare accepted $995,0000 as part of the consent judgment in the interpleader action, it released its claims against Gandy arising from the loss of the items that Gandy had on consignment. Under Alabama law, "payment to the owner of property wrongfully taken from him of a judgment in his favor for its value is given the effect of a purchase of property by the defendant in the judgment." *Cresent*

*News & Hotel Co. v. Hines*, 61 So. 9, 10 (Ala. Civ. App. 1913). *See also* 16 Couch on Insurance § 226:135 ("An insurer may . . . recover stolen property that has been reacquired by the insured"). Accordingly, Lazare no longer has an interest in the property.

Because Lazare has no present interest in the property, we need not address its arguments about XL's petition. Similarly, we need not address any dispute about the jewelry claimed by Levy's or Diamond Dealer.

The district court's judgment is **AFFIRMED**.

4