# Cooper & Co. *v.* Davis.

*Motion to quash Execution on Forfeited Claim Bond.*

1. *Judgment for plaintiff in statutory claim suit; subsequent claim interposed by third person.*—After the rendition of judgment for the plaintiff, on the trial of a statutory claim suit, the condition of the claim bond requires that the property be restored to the possession of the officer, or that he return the bond forfeited, and he has no authority to accept another affidavit of claim and bond tendered by another person; and his acceptance of such new claim and bond, being unauthorized, is no obstacle to a return of the bond forfeited, or to the issue of a statutory execution on it when so returned.

APPEAL from the City Court of Anniston.
Tried before the Hon. W. F. JOHNSTON.

E. H. HANNA, for appellants, cited *Munter v. Leinkauf & Strauss*, 78 Ala. 546; *Powell v. Rankin & Co.*, 80 Ala. 316; *Cooper v. Peck & Clark*, 22 Ala. 406.

JNO. M. CALDWELL, contra, cited *Roswald & Stoll v. Hobbie & Teague*, 85 Ala. 73; *Rhodes v. Smith*, 66 Ala. 174; *Henderson v. Henderson*, 66 Ala. 556.

CLOPTON, J.—This proceeding is a motion to quash an execution issued against the makers of a claim bond, on the ground that the bond was improperly indorsed and returned "forfeited." The motion was submitted to the City Court on an agreed statement of facts, which are: An execution in favor of appellants was levied by the constable on certain property. Mrs. L. A. Davis made an affidavit, that she had

a just title to the property, and a claim bond, which was accepted by the constable. On a trial of the claim suit before a justice of the peace, the property was found subject to plaintiffs' judgment. The makers of the bond failing to have it forthcoming within ten days thereafter, the constable indorsed the bond "forfeited," and returned the same to the justice, who thereupon issued execution against all the obligors in the bond. After the rendition of the judgment condemning the property to the satisfaction of plaintiffs' judgment, but before the claim bond was indorsed and returned "forfeited," a stranger to plaintiffs' execution, and to the claim proceedings, made an affidavit of claim and a claim bond, under the statute for the trial of the right of property, which were accepted by the constable.

No question being raised in regard to the regularity of the judgment rendered by the justice on the trial of the right of property, which may be amended if necessary, and as the parties agreed that the property was found subject, we shall consider the questions raised and argued as they were presented and decided by the City Court, on the agreed statement of facts. The condition of the claim bond was, that the makers should have the property forthcoming for the satisfaction of plaintiffs' judgment, if found liable therefor. The judgment · finding the property liable fixed and rendered absolute the obligation to have it forthcoming. On failure to do so, plaintiffs' unquestioned right was to have the bond indorsed and returned "forfeited," and to have an execution against the obligors. The judgment of condemnation was conclusive, and estopped them from denying that the property was subject to the execution. If the constable had refused or failed to indorse and return the bond as required by the statute, a *mandamus* would have been awarded, on proper application, to compel him to perform such duty.

The facts clearly distinguish this case from *Hobbie v. Roswald*, 85 Ala. 73, and bring it within the principle settled in *Cooper v. Peck*, 22 Ala. 406.; In the first case, the claimant, by a replevy bond, obtained possession of the property levied on under an attachment against a third person. On the next day they interposed a claim under the statute, by making the requisite affidavit and bond, which was accepted and approved by the sheriff, and returned by him to the court. It is said, that the acceptance of affidavit of claim and approval of the claim bond "estopped the claim-

[Cooper & Co. v. Davis.]

ants from denying that they acquired the possession and held it under the claim bond. If the sheriff had been placed in possession of the property, he would have retained it only long enough to have approved the bond, when it would have passed instantly to the claimants." The obligation to deliver the property to the sheriff, under the replevy bond, had not been rendered absolute by a judgment in favor of the plaintiff in the attachment suit. The effect of accepting and approving the claim bond was, to transfer possession under the replevy bond from the claimants, to themselves under the claim bond, with the assent of the sheriff, the makers of both bonds being the same persons. Manual delivery of the property to the sheriff was considered an empty form and unsubstantial ceremony, which the law does not regard.

In the second case, property which had been attached, was replevied by a stranger to the attachment. Judgment having been rendered against the defendant in attachment, the sheriff demanded the property of the makers of the replevy bond, who refused to deliver, and tendered to the sheriff an affidavit and bond for the trial of the right of property, which he refused to accept, and indorsed and returned the replevy bond "forfeited." The makers of the bond sought to supersede the execution issued thereon. It was held, that the condition of a replevy bond can only be complied with, after judgment against the defendant in attachment, by a delivery of the property to the sheriff on his demand. The *supersedeas* was dismissed. The same observation applies to the claim bond, upon which the execution now sought to be quashed was issued. The constable delivered possession of the property levied on to Mrs. Davis, on her making the affidavit and bond for the trial of the right of property. After judgment finding the property liable, the condition of the bond can only be complied with by having it forthcoming within ten days thereafter, for the satisfaction of plaintiffs' judgment. The constable was unauthorized to defeat plaintiffs' right to an execution, by accepting an affidavit of claim and a claim bond from another party, while the property was withheld from his possession. *Rhodes v. Smith*, 66 Ala. 174; *Woolfolk v. Ingraham*, 53 Ala. 11.

Reversed and remanded.