# Howard *v.* Deans.

## *Supersedeas of Execution.*

### (Decided July 2, 1907. 44 South. 550.)

1. *Execution; Authority of Circuit Clerk to Issue.*—In a judgment affirmed by the Supreme Court on appeal, the clerk of the circuit court from which the appeal was taken has authority to issue execution thereon.

2. *Detinue; Bond; Forfeiture; Duty of Sheriff.*—Where defendant gave a replevy bond for the property seized in detinue, the failure of defendant to deliver property to sheriff within thirty days after the affirmance of a judgment for plaintiff was a forfeiture of the bond and it was the sheriff's duty under the statute to return such bond to the clerk with endorsement forfeited.

3. *Execution; Supersedeas; Grounds.*—The defendant's liability being fixed by the judgment, and he having failed to deliver the property as required by his replevy bond, cannot complain that execution was issued against the sureties on his bond.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Dean sued Howard in detinue for the recovery of property, for which Howard executed a forthcoming bond. There was judgment for plaintiff for the recovery of the property, from which judgment defendant appealed to the Supreme Court, where the judgment was affirmed. Howard having failed for more than thirty days to deliver the property, the sheriff returned the replevy bond to the clerk forfeited, and the clerk issued executions thereon against the principal and sureties. Howard sought to supersede the execution under the theory that the circuit clerk had no authority to issue as the matter was in the Supreme Court, and for other reasons stated in the opinion. The court denied the supersedeas and Howard appeals. Affirmed.

[Howard v. Deans.]

JAMES F. JONES, for appellant.—Counsel discusses assignments of error but cites no authority.

B. H. LEWIS, for appellee.—The court properly denied the motion for supersedeas.—Section 3860, Code 1896; *Anniston Loan Co. v. Stickney*, 132 Ala. 587.

DOWDELL, J.—The appeal in this case is prosecuted from a judgment of the circuit court rendered on a petition to supersede an execution issued against the defendant and the sureties on his appeal bond. The appeal bond is not set out in the record; but it is shown that such bond was executed by the defendant on his suing out an appeal to the Supreme Court from a judgment rendered against him in a detinue suit in the circuit court, which said judgment of the circuit court was affirmed on said appeal. The petition for the supersedeas of the execution is made by the defendant alone, and not by any one of his sureties.

One of the questions raised on this appeal is as to the authority of the clerk of the circuit court to issue an execution on the judgment of this court affirming the judgment appealed from. This question was determined in the case of *Anniston Loan Co. v. Stickney*, 132 Ala. 587, 31 South. 465, and adversely to the contention of the appellant here.

The appellant, defendant in the court below, executed a replevy bond for the forthcoming of the property in the detinue suit. The defendant was cast in that suit, and appealed to this court, and the judgment was affirmed. After the lapse of more than 30 days from the rendition of judgment in this court the sheriff returned the replevy bond given by the defendant forfeited, and thereupon the clerk issued the execution sought to be superseded. A ground of petition was that the defend-

39 R

ant had delivered the property replevied, and paid the costs and the damages assessed before the bond was returned forfeited by the sheriff. The plaintiff in the judgment denied that the property was ever delivered. The court on the evidence determined the question of fact against the defendant. The failure to deliver the property within 30 days after the affirmance of the judgment in this court forfeited the replevy bond, and it was the duty of the sheriff under the statute to return the bond, with indorsement of such fact thereon. The defendant cannot complain that the execution was issued against the sureties on the appeal bond to this court. They (the sureties) are not complaining, and in any event his liability is fixed by the judgment.

The judgment of the circuit court, denying the supersedeas and overruling the motion to quash the execution, will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.