# Garrett, Sheriff, *v.* Cobb.

## Mandamus

(Decided December 21, 1916. Rehearing denied February 15, 1917.
74 South. 226.)

**1. Mandamus; Alternative Writ; Amendment.**—The alternative writ in mandamus is not merely process, but also pleading; hence Code 1907, section 4864, providing that "any of the pleadings in such proceedings" may be amended to attain justice, is applicable.

**2. Mandamus; Alternative Writ; Sufficiency; Amendment.**—By amendment to writ in mandamus, giving sheriff alternative right to return, as forfeited, a detinue bond, or to show cause why bond had not been forfeited, the ends of justice were attained as contemplated by Code 1907, section 4864, allowing amendments for that purpose.

**3. Mandamus; to Compel Ministerial Act by Sheriff.**—A sheriff's duty under Code 1907, sections 3783, 3790, to return detinue bond as forfeited, where plaintiff fails to deliver goods taken and defendant had paid judgment and costs within 30 days, is ministerial, and mandamus lies to compel such action, although petitioner had a remedy by suit on the bond; mandamus being necessary to render effectual his summary cumulative remedy by execution against sureties on bond returned by sheriff as forfeited.

**4. Sheriffs and Constables; Compensation for Care of Property; Taxation as Costs.**—The amount allowed sheriffs by Code 1907, section 3722, for care of property seized under writ of detinue, "as the court may fix," does not become part of the taxable costs until the court has determined its amount.

**5. Sheriffs and Constables; Compensation; Duty to Have Taxed.**—Where a sheriff makes payment of compensation, allowed by section 3722 for care of property seized in detinue, a condition precedent to returning plaintiff's bond as forfeited, as required by sections 3783, 3790, where plaintiff has refused to return property after defendant's payment of judgment and costs, it is the sheriff's duty to move the court to fix amount of such compensation.

APPEAL from Clarke Circuit Court.

Heard before Hon. BEN D. TURNER.

Petition by Z. T. Cobb for mandamus against S. C. Garrett, as sheriff, to require him to return a certain replevy bond as forfeited, or else show cause why he could not do so. From an order granting the writ respondent appeals. Affirmed.

The petition shows that petitioner was sued in the circuit court of Barbour county in detinue for certain personal property, which was described, and that a writ was issued, and under said writ the sheriff seized the property, and that plaintiff in detinue,

[Garrett, Sheriff, v. Cobb.]

Frank M. Ladd & Co., executed a plaintiff's replevy bond as provided by section 3780 of the Code of 1907; that the bond was taken and approved by the sheriff, and the property seized was taken and delivered to plaintiffs, their agents or attorneys; that said cause was duly tried, and a judgment rendered in favor of plaintiff for the property seized, and the mortgage indebtedness due by defendant to plaintiff was ascertained by the jury to be $322.75, and the presiding judge entered the order that if the debt ascertained, together with the interest and costs, be paid by defendant within 30 days from this date, no execution or other process will issue on the judgment. The petition alleges the payment within 30 days to the clerk of the judgment, and the interest and the costs by petitioner, and that, notwithstanding this, the sheriff has failed and refused upon demand to deliver to petitioner the personal property seized, and has failed and refused to return as forfeited plaintiff's replevy bond. It is then prayed that the writ of mandamus issue to compel a return of plaintiff's replevy bond as forfeited, or else to show cause why he should not do so. The demurrers raise the question that the writ was not an alternative writ, but is specific, and fails to give respondent any alternative, and affords no alternative for respondent to perform the required act. Motion to quash the writ is based on the same ground. It is also urged that petitioner had other and adequate remedies.

T. J. BEDSOLE for appellant. WILLIAM D. DUNN, F. E. POOLE and Q. W. TUCKER, for appellee.

SAYRE, J.— (1) The alternative writ in mandamus is not process merely, but both process and pleading.—Longshore v. State, ex rel. Turner, 137 Ala. 636, 34 South. 684. Section 4864 of the Code provides that "any of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice."

(2) Assuming that the writ in this case was amended so as to leave with respondent the alternative of returning the bond forfeited or showing cause why it should not be so, instead of commanding him to show cause why the bond had not been forfeited, as perhaps the original writ did—though from the record it is not at all clear that this was the effect of the amendment allowed—the amendment left open the way to respondent either

to return the bond forfeited, and thus put an end to the proceeding, or to show cause why it should not be done, and thus the ends of justice were attained, as the statute contemplates.—*Longshore v. State, ex rel. Turner, supra.*

(3) The duty required of respondent was ministerial, and his failure or refusal invited an apt use of the writ of mandamus.— *Cooper v. Davis,* 88 Ala. 569, 7 South. 145. Petitioner had a remedy by suit on the bond, it is true, but he was by the statute vested with a right to the summary cumulative remedy by execution against the sureties on the bond upon the sheriff's return of the same as forfeited, and he was entitled to the writ of mandamus to make this summary remedy effectual.

The sheriff had seized some horses and mules under a statutory writ of detinue. Plaintiffs in the detinue suit had given bond and taken possession of the animals. After verdict and judgment for plaintiffs, which ascertained the amount of defendant's indebtedness under the mortgage through which plaintiffs in that suit claimed, as provided by section 3789 of the Code, defendant in that action, petitioner and appellee in this, paid the amount of his mortgage indebtedness and the officers' fees, and, plaintiffs having failed for 30 days after judgment to deliver the property, defendant demanded of the sheriff that he return the bond forfeited as provided by sections 3790 and 3783 of the Code; but the sheriff refused on the ground that his compensation for keeping the animals pending the execution of the replevy bond had not been paid, and the meritorious question in the case is whether, on the facts stated, the respondent sheriff was correctly required to return the bond forfeited.

(4, 5) Section 3722 of the Code allows to sheriffs for taking care of personal property seized under a writ of detinue "such compensation as the court may fix" to be taxed as costs. In this case the sheriff had rendered a statement of the amount claimed by him for taking care of the animals, and the clerk had placed this item among the other items of costs upon his cost bill; but the court had not been asked to fix this compensation, nor had it made any order. Defendant, refusing to pay this charge, demanding nevertheless that the bond be returned forfeited. It is clear that this compensation does not become a part of the taxable costs until its amount has been fixed by the court, and from the foregoing statement of the record it appears that the ultimate question to be decided is this:. Upon whom rested the burden of

[Kayser v. Bird.]

moving the court to fix the sheriff's compensation for taking care of the property? Upon this question the court holds that if the sheriff in such cases would make the payment of his compensation of this sort a condition precedent to a return of the bond forfeited, he must move the court to have the amount of it fixed by judicial order.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.