(131 So. 902)

### JAFFE et al. v. LEATHERMAN.
6 Div. 474.

Supreme Court of Alabama.
Dec. 4, 1930.

Rehearing Denied Jan. 29, 1931.

Jas. H. Bradford and Richard H. Fries, both of Birmingham, for appellants.

William S. Pritchard, J. D. Higgins, and J. W. Aird, all of Birmingham, for appellee.

THOMAS, J.

The bill of exceptions sought to be established was stricken. 221 Ala. 178, 128 So. 449.

Under the law the defendant and his sureties on the replevin bond were duty bound to deliver the property in question within thirty days after rendition of the judgment in favor of the plaintiff on December 17, 1928. The trial court held that they had failed in that duty, and that plaintiff was entitled to recover of such obligors the alternative value of the property as fixed by the judgment of the court rendered on the foregoing date. We have no bill of exceptions to look to as to any controverted question of fact as to the delivery vel non.

Under the statute, §§ 7389, 7394, Code, the defendant was required to deliver the property to the successful party. Carroll v. Burgin et al., 159 Ala. 406, 48 So. 667. The statute places the duty upon the sheriff to make return of the fact of failure to deliver the property, and to pay the damages assessed for the detention thereof within the time prescribed. Section 7394, Code. See Howard v. Deans, 151 Ala. 608, 44 So. 550.

Was the indorsement of the sheriff on the replevin bond not null and void, and was a return of the fact of failure by defendant and sureties to deliver the property as required by law? The return made was as follows:

"Thirty days having expired since judgment was rendered in this cause, the property herein replevied not having been delivered to the sheriff by either the defendant or his sureties this bond is hereby declared forfeited this Feby 26th, 1929.

"W. O. Downs, Sheriff.
"E. B. Turner, D. S."

The condition of the bond was to plaintiff, and the requirement was to deliver the property to plaintiff. Section 7389, Code; Ex parte White, 209 Ala. 95, 95 So. 495.

In Jesse French Piano & Organ Co. v. Bradley, 143 Ala. 530, 535, 39 So. 47, 48, where there was timely delivery to the sheriff, who refused to receive the piano on solicitation of the defendant, the court said: "The petition avers a delivery of the piano, the property replevied, or what was equivalent thereto, an offer to deliver and a refusal by the sheriff to receive the same; and this within 30 days after the judgment of affirmance by this court. On the facts averred in the petition, and which were confessed on demurrer, it was the duty of the sheriff to have received the piano, and made return on the bond of the fact of the delivery, in accordance with the directions in the statute. This the sheriff did not do, but instead thereof returned the bond as forfeited in toto."

In Carroll v. Burgin et al., 159 Ala. 406, 409, 48 So. 667, 668, is the observation that: "As before stated, the condition of the bond is that the defendant will 'deliver the property to the plaintiff' (section 3780, Code of 1907); and, while it may be true that, if the property is tendered to the sheriff, it would be his duty to take it and turn it over to the plaintiff, it is difficult to see how the plaintiff could be damaged, in the loss of the property, by the sheriff's act, when the property was tendered to him in accordance with the conditions of the bond, and he refused to receive it. The case of Jesse French, etc., Co. v. Bradley was an action by a party who had given the bond to supersede an execution; the gravamen of the action being that the property was delivered or tendered to the sheriff, and he, in place of returning that fact, as required by the statute, returned the bond as forfeited in toto. 143 Ala. 530, 535, 39 So. 47."

■ The duty of the sheriff in the premises was ministerial and may be compelled by mandamus in a proper case. Garrett v. Cobb, 199 Ala. 80, 74 So. 226.

By analogy the holding of this court in proceedings for scire facias to revivor of judgments and issue of executions thereon (Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; Mobile Drug Co. v. McCullough et al., 215 Ala. 682, 112 So. 238), the return of the sheriff, execution thereon, and motion to quash the same, were proceedings in the original cause and in the continuation thereof to statutory compliance on and after execution on forfeiture.

■ The motions or orders in question were the proper way to raise the question of the legal effect of the return. Harrison v. Hamner, 99 Ala. 603, 12 So. 917. They are now to be more specifically recited, and the legal effect thereof to be indicated by this court.

The motion as amended was to quash the return of the sheriff, and there was judgment thereon, and the same was "overruled and denied," and the exception is noted by the court. The adverse party had theretofore answered the motion and denied the facts averred, and raised an issue of fact as to delivery vel non.

The record further shows the amendment of the motion of date August 2d, and was made a rehearing and renewal or refiling of motion to quash the return, etc., and accompanied it with affidavits touching the fact of redelivery of the property replevied. The adverse parties moved to strike and demurred, and the court entered an order as follows: "It is ordered and adjudged by the Court that said motion as amended be and the same is hereby overruled, and movants except."

The court had theretofore, on June 26, 1929, ordered:

" * * * The motion as amended having been heretofore argued and submitted to the Court, and the same having been fully considered and understood by the Court, and it appearing from the evidence that immediately following the rendition of the consent judgment in this Court, for possession of the organ in question, that defendant Ben Jaffe told the plaintiff Leatherman in substance that said organ was in the Norwood Theatre in Birmingham subject to said Leatherman's orders and where said Leatherman could get it at any time, and it further appearing that said Leatherman asked some questions in regard to whether or not the original boxes or packing cases in which said organ had been shipped to said Jaffe, were available, but that said Leatherman did not accept or refuse delivery or any offer of delivery of said organ, and it further appearing that, at the time of said conversation between said Ben Jaffe and said Leatherman and for more than thirty days thereafter said organ was not in the possession of said Ben Jaffe, but was in possession of Cecil Burke, as Receiver of said Ben Jaffe, formerly doing business as the Norwood Theatre, by which receiver no tender was authorized or made; and it therefore appearing that there has been no delivery or tender of said organ to said Leatherman, whereupon,

"It is ordered and adjudged by the Court that this motion or petition as amended be and the same is hereby overruled and denied. Movants, J. Jaffe and Maurice Letaw, separately and severally except to the overruling and denying of said motion or petition."

Thus is presented for review, by the record and the appeal, the judgment of the trial court in declining to quash the sheriff's return of forfeiture on due motion, and on which return of forfeiture execution issued against obligors on the replevy bond. Under the statute, section 7394, Code, on a due return of forfeiture, such a bond has the force

and effect of a judgment on which execution may issue without further order of the court.

The sheriff may be required by mandamus to make the proper return. Garrett v. Cobb, 199 Ala. 80, 74 So. 226. Here, the return that was made presented a contingency of fact as to redelivery to the plaintiff. The statement of fact contained in the return of the sheriff negatives redelivery of the property—its subject-matter—to the official making that return. However, from aught that appears, there may have been a redelivery of said property to the plaintiff. And as to the last-stated alternative or phase of fact, the recitals in the order and judgment of the court refute the fact of redelivery of said property by the obligors to the plaintiff. It recited the finding of the court from the evidence that the possession was in another than the original defendant—the receiver of the defendant in the suit for detinue. And under this phase of the controverted fact, the bill of exceptions is not before us, being stricken on motion by this court. Thus we are confined to the record proper.

If, on inspection of the sheriff's return, it is found to be null and void, the return should be quashed by the circuit court; if it be a mere irregularity, we may look to that return and the recitals of fact found and contained in the judgment of the court.

The return must be strictly construed and in conformance with the statute to authorize judgment and execution thereon. And when so tested, in the opinion of the majority, was insufficient to authorize and support execution; and the motion to quash should be granted, and judgment reversed and remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting).

I am not at war with the conclusion that the sheriff's return does not conform to the statute and therefore is not sufficient to support an execution. I had thought, however, that a petition for supersedeas was an independent proceeding—not a step in the detinue suit—and, before the petitioner could prevail, he must sustain the averments of his petition for supersedeas by proof. Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; Branch Bank at Mobile v. Coleman, 20 Ala. 140; Lockhart v. McElroy, 4 Ala. 573; Henderson v. Planters' & Merchants' Bank of Ozark, 178 Ala. 420, 59 So. 493.

And, therefore, in the absence of a bill of exceptions showing that the sheriff's return

on the replevy bond was before the trial court, the question decided is not presented.

Moreover, so far as appears here, the point was not made in the trial court that the return was not sufficient to support the execution; and I am therefore of opinion that the judgment should be affirmed.

GARDNER, J., concurs in the foregoing dissent.