138 So. 817

### U. S. FIDELITY & GUARANTY CO. v. FRICK CO.

#### 4 Div. 594.

Supreme Court of Alabama.

Dec. 17, 1931.

Rehearing Denied Jan. 21, 1932.

Coleman, Coleman, Spain & Stewart, **of** Birmingham, for appellant.

A judgment by consent has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding as between the parties and their privies. Cowley v. Farrow, 193 Ala. 381, 69 So. 114. No notice of application for entry of a judgment nunc pro tunc is necessary where the motion is based on matters of record such as could not be disputed by the opposite party even if he was heard. McGowan v. Simmons, 185 Ala. 310, 64 So. 569. A judgment may be amended at a subsequent term, nunc pro tunc, and pending an appeal therefrom, and the amendment being properly certified to the court will relate back to the rendition of the original judgment and be considered as curative of the defects in the record as it originally appeared. Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45; Independent Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 So. 947; Phillips v. State, 162 Ala. 14, 50 So. 194. On failure of the unsuccessful party to deliver the property and to pay damages within 30 days after judgment, the successful party is entitled to have execution issued and may refuse to accept the property. Wilson v. Barnes, 49 Ala. 134; Cowgill & Son v. Bozeman, 202 Ala. 7, 79 So. 305.

BROWN, J. (after stating the facts as above).

The agreement of the parties embodied in the judgment entered on January 9, 1931, and receiving the sanction of the court, was that the plaintiff have judgment for the property sued for, or its alternate value of $2,000; that the balance due the plaintiff on the contract under which it claimed title was ascertained and assessed at $1,747.

These recitals in the judgment of the court, as first entered, sufficiently evinced plaintiff's right to recover the property and the right of the defendant to deliver the property replevied, and pay the costs in discharge of the liability assumed by the bond, although the formal part of the judgment was only for the balance ascertained to be due on the contract under which plaintiff claimed title.

The right to deliver the property in discharge of the obligation of the bond is a right conferred on the defendant; and the surety on the bond, who insists on the right to deliver, stands in the defendant's shoes, and, if the defendant has lost the right to deliver, the bond is liable.

The failure of the defendant to comply with the statute and the terms of the bond justified the indorsement of forfeiture by the sheriff, and the subsequent issuance of execution armed the plaintiff with the right to refuse acceptance of the property when tendered thereafter, and to insist upon the payment of the ascertained balance due. Code 1923, §§ 7394, 7401; Collier v. White, 97 Ala. 615, 12 So. 385.

The effect of the subsequent amendment of the judgment nunc pro tunc was to embody in the judgment a formal adjudication of plaintiff's right to recover the property, a right which was evidenced by the first judgment entry.

We are not of opinion that the court erred in overruling the motion to quash, and the judgment of the circuit court is ordered affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.