146 So. 75

## THORN et al. v. FIRST NAT. BANK OF OPP.

4 Div. 914.

Court of Appeals of Alabama.

Dec. 20, 1932.

Rehearing Denied Feb. 7, 1933.

C. L. Rowe and J. C. Fleming, both of Elba, for appellants.

Mulkey & Mulkey, of Geneva, for appellee.

BRICKEN, Presiding Judge.

The record shows that M. A. Thorn, Mrs. M. N. Thorn, J. W. Lee, J. W. Davis, S. R. Gatlin, E. H. Dozier, N. W. Rhodes, and Mrs. Rosie Davis, the widow of J. C. Davis, deceased, filed a petition in the court below, alleging:

(1) That on, to wit, the 11th day of January, 1928, the First National Bank of Opp, as mortgagee, filed a detinue suit in court against M. A. Thorn and M. N. Thorn, mortgagors, for the recovery of certain personal property, which was seized by the sheriff and replevied by the defendants M. A. Thorn and M. N. Thorn. The other petitioners who unite in this petition, including Mrs. Rosie Davis, widow of J. C. Davis, deceased, were sureties on the replevin bond executed by the Thorns.

(2) That a judgment was rendered in this cause on the 18th day of September, 1930, for the plaintiff and against the Thorns for the property sued for or its alternate value, and

fixing the amount of the mortgage debt at $1,098.38, as is by law provided in such cases. That thereafter on, to wit,' the 7th day of January, 1931, the sheriff of Coffee county made the following indorsement on the aforesaid replevin bond: "State of Alabama, Coffee County. Judgment having been rendered in this cause for more than thirty days and the defendant having failed to surrender the property replevied and pay the costs and damages adjudged by the court, I hereby declare this bond forfeited. Witness my hand this the 7th day of January, 1931. O. F. Lightner, Sheriff of Coffee County, Alabama." It is averred in the petition that: "The said entry of forfeiture, so attempted, is wholly spurious, void and insufficient for the reason it does not appear in said entry of forfeiture that the defendants have (had) paid the amount found by the court to be due upon the mortgage debt; wherefore, the petitioners say that the said forfeiture so undertaken, is not in compliance with the Statute in such cases made and provided, and that the same is void and unenforcible as a so-called Sheriff's statutory judgment upon a forfeiture, as against them."

(3) It is then averred that in 1927, M. A. Thorn and M. N. Thorn were indebted to the bank in the sum of, to wit, $2,500, which they failed to pay, and that this indebtedness was settled by I. E. Wise, giving the bank a note and mortgage, which it accepted, and that in consideration of Wise's note and mortgage, the bank released and discharged the Thorns. That thereafter the Thorns gave Wise their note secured by a mortgage on real and personal property to secure payment of their indebtedness to him for his having assumed and paid their indebtedness to the bank, and that the note and mortgage of the Thorns to Wise was subsequently assigned to the bank as collateral security for the payment of Wise's indebtedness to the bank. The Thorns defaulted in the payment of their debt to Wise, and Wise defaulted in the payment of his debt to the bank. The bank foreclosed the Thorn note and mortgage, and applied the proceeds of the sale to Wise's indebtedness to the bank, which left a balance due of $1,099.66 on the Wise note and mortgage to the bank.

(4) It is further averred that on the 29th day of August, 1929, the bank filed a detinue suit against Wise, and that the sheriff seized the property involved in the suit, which was replevied by Wise under the bond executed by him and several individuals as sureties. Judgment was subsequently rendered for the bank against Wise for the property sued for, and, on a suggestion that the plaintiff claimed title under a mortgage, the balance due on the mortgage debt from Wise to the bank on September 18, 1930, was fixed by the court at $1,719.07. On December 26, 1930, the sheriff made the following indorsement on the Wise replevin bond: "State of Alabama. Coffee County. Judgment having been rendered in this cause in favor of the plaintiff and against the defendant for more than thirty days from this date and the defendant having failed to pay the judgment and costs or surrender the property herein replevied, I hereby declare this bond forfeited against the defendant and the sureties thereon. Witness my hand this the 26th day of December 1930. O. F. Lightner, Sheriff Coffee County, Alabama."

(5) After the replevin bond executed by Wise and his sureties was forfeited by the sheriff, two of the sureties on the bond paid the bank the amount of the bond, which was $1,100, which it is averred was received by the bank in full satisfaction of the bank's debt, claim, and judgment against Wise, and its claim against the sureties on his replevin bond. This averment which we have numbered (5) is regarded as material and essential, as we shall presently show.

The claim of the petitioners is that the payment of the $1,100 by the sureties on Wise's replevin bond discharged Wise and his sureties, and in that way the note and mortgage evidencing the Thorn indebtedness to Wise, held by the bank as collateral, was released and discharged, because it is claimed that the release and discharge of Wise discharged the collateral, leaving the Thorns indebted to Wise, but not to the bank.

It is averred that the bank is attempting to collect on the replevin bond executed by the Thorns to the bank in the sum of $700.

It appears to have been conceded in the court below that the judgment obtained by the bank against Wise on September 18, 1930, of $1,719.07, included the $1,098.38 due Wise by Thorn. The bank recovered judgment against the Thorns on September 18, 1930, in detinue, in which the balance due on the Thorn mortgage to Wise that was assigned to the bank was fixed at said amount.

The relief prayed for in the petition is as follows: "The premises considered and petitioners being without remedy save by supersedeas, your petitioners pray that Your Honor will take jurisdiction of the matters and things alleged herein and the parties hereto, that Your Honor will issue an order restraining the Honorable W. B. Paul, Sheriff, from levying the execution upon the property or estate of the petitioners or either of them, pending a hearing on this petition; that notice be ordered, made and served upon the said First National Bank of Opp; that Your Honor will set a day for 'hearing, and upon said hearing that Your Honor will order, adjudge and decree that the petitioners are entitled to the relief prayed for herein; that the Sheriff of Coffee County be forever restrained from the levying of executions against the petitioners or either of them under the said forfeiture judgment; and that the said forfeiture judgment be superseded

and quashed, and the execution levied thereon be recalled and quashed, by order of this Court. And petitioners pray for such other, further and different relief, as the law of this cause and the facts shown may entitle them, and as in duty bound petitioner will ever pray, etc."

 Without regard to the propositions of law ably argued by counsel for the respective parties, it seems to us that the allegation in paragraph 5 of the petition, to the effect that G. O. Carnley and W. I. Wise, sureties on the Wise replevin bond, paid the bank $1,200, and in consideration therefor the said bank fully and completely released and settled all of its claim and demand against the said L. E. Wise and the sureties on said replevin bond, was a material allegation, and that proof of its truth to the reasonable satisfaction of the court was indispensable to the plaintiff obtaining relief under the petition filed in the court below.

We have carefully read the evidence in this record. The evidence of the petitioner on this point is by no means clear. The evidence of the respondents emphatically negatives any such idea.

The trial court saw and heard the witnesses; an advantage that this court does not enjoy. We cannot say under this record there was error in the conclusion reached by the trial court. Its judgment is therefore affirmed.

Affirmed.

### On Rehearing.

In the application for rehearing it is again insisted that the return of the sheriff on the bond, whereby he forfeited same, is not in conformity with the statute. In this connection appellant cites the case of Jaffe v. Leatherman, 222 Ala. 326, 131 So. 902, in support of this contention.

Section 7394 of the Code 1923, provides: "If the unsuccessful party, who has given bond and taken the property into possession, fails, for thirty days after the judgment, to deliver the property, and to pay the damages assessed for the detention thereof, and the costs, the sheriff must upon the bond make return of the fact of such failure; and thereupon the bond has the force and effect of a judgment, on which execution may issue against any or all the obligors therein for the alternative value of the property as assessed by the jury, and the damages assessed for its detention and the costs; if the property be delivered, and the damages assessed for its detention and the cost be not paid, the sheriff must upon the bond, make return of the fact, and execution must issue against any or all of the obligors for such damages and costs, or for either, as either may be unpaid."

 So far as we can see, the sheriff's return was in strict accordance with the provisions of the foregoing statute. See, also, section 7401 of the Code. The return of the sheriff is as follows: "State of Alabama. Coffee County. Judgment having been rendered in this cause for more than thirty days and the defendant having failed to surrender the property replevied and pay the costs and damages adjudged by the court, I hereby declare this bond forfeited. Witness my hand this the 7th day of January, 1931. O. F. Lightner, Sheriff of Coffee County, Alabama."

 This return of the sheriff must be construed in connection with the bond in question and its conditions, and, when so construed, it clearly shows that the property replevied had not been delivered to the plaintiff as the bond provided and required.

The returns of the sheriff were made upon the premise disclosed by the proof which showed no delivery of the property had been made to the plaintiff, or to the sheriff, and it also showed that the amount of the mortgage debt ascertained and determined by the court had not been paid.

Here there is a marked difference in the returns of the sheriff and the returns made by the sheriff in Jaffe v. Leatherman Case, supra, in which case there was no bill of exceptions.

The application for rehearing is overruled.