186 So. 715

## JOHNSON v. BOULER.

### 2 Div. 141.

Supreme Court of Alabama.

Feb. 16, 1939.

Keith & Wilkinson, of Selma, and Thos. H. Boggs, of Linden, for appellant.

S. W. Compton, of Linden, for appellee.

GARDNER, Justice.

Appellant recovered a judgment in a detinue suit against M. Bouler for one automobile, the alternate value of which was fixed at $300, with the balance due on the conditional sale contract (section 7400, Code 1923) as $370.87. The car had been delivered to defendant on his executing bond, as provided by section 7389, Code 1923.

At the expiration of thirty days from the date of the rendition of the judgment the automobile had not been delivered, and the sheriff duly endorsed upon the bond the failure of the defendant to deliver the automobile, or pay its alternate value and costs. The endorsement of the sheriff was in due form, and under the statute (section 7394, Code 1923) the bond thereupon had the force and effect of a judgment, on which execution may issue against any or all the obligors therein for the alternate value of the property, as assessed by the jury, and the damages assessed for its detention and costs. The circuit clerk declined plaintiff's request for the issuance of the execution, and this proceeding in mandamus followed. His refusal to so issue was sustained by the trial judge upon the theory that a motion for new trial was pending during the thirty days period following the date of the judgment, which suspended plaintiff's right for the issuance of an execution until that motion was determined.

■ We are persuaded the motion did not suspend plaintiff's right for the issuance of the execution. No exception to or qualification of such right is found in section 7394 of the Code, which provides for the execution to issue if the unsuccessful party has failed for "thirty days after the judgment" to deliver the property.

In 23 Corpus Juris 323, is the following: "Inasmuch as it is unfair that a party who has recovered judgment should be delayed in obtaining the fruits thereof by the mere act of the opposite party, it is held in many jurisdictions that the mere act of moving for a new trial, in the absence of a statute or special order of the court to that effect, does not operate per se as a suspension or stay of the execution, although under the practice of some jurisdictions it is error to issue execution until after the motion for a new trial has been disposed of."

■ We have considered the cited cases, and find they well support the general rule that in the absence of a statute or special order of the court to that effect, the mere act of moving for a new trial does not operate per se as a suspension or stay of execution. And we think the opinion of the Court in Ex parte Moore, 231 Ala. 209, 164 So. 210, is in harmony with this general principle. Perhaps the better discussion of this exact question is found in Logan v. Sult, 152 Ind. 434, 53 N.E. 456, 457. There the court points out that at common law such motion must be made before judgment, and when so made it operates to suspend the judgment, and any matter of stay or suspension is not of an execution but of the judgment. Such a motion was required to be made "within four days, *exclusive*, after the entry of a rule for judgment; and, if not made within that time, the party complaining could not afterwards be heard on the subject of a new trial." The following excerpt from the opinion in that case is of interest here: "While the statute authorizes the filing of a motion for a new trial after the entry of judgment, it does not provide for any stay of execution upon the judgment as a consequence of such proceeding. It cannot be maintained that the mere filing of the motion has that effect. We can perceive no reason why it should. If a party to an action fails or neglects to file a motion for a new trial before judgment, he must take the consequences of such delay. Under a similar statute, the Supreme Court of Illinois held, in Parr v. Van Horne, 40 Ill. 122, that a motion for a new trial made after judgment would not operate in any way to suspend the judgment, or impair its force or conclusiveness."

Our statute likewise contains no provision for any such stay of execution. Some of our statutes make provision for a stay of execution (section 7799, Code); others make reference to new trial (sections 6670 and 7797, Code), and the right of the trial judge to order otherwise. Section 7795, Code. But the statute wherein the subject of detinue is specially considered makes no reference to any stay of execution pending a new trial.

Defendant cites Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743;

Phillips v. Reaves, 231 Ala. 364, 165 So. 80; Williams v. Knight, 233 Ala. 42, 169 So. 871, wherein is found the statement that a motion for a new trial suspends the judgment for the purpose of an appeal until the motion is disposed of. But these authorities are not here applicable. The Indiana court in the Logan case, supra, made answer to like argument in the following language here in point: "The views here expressed are not inconsistent with the decisions of this court in New York, etc., R. Co. v. Doane, 105 Ind. 92, 4 N.E. 419, and Colchen v. Ninde, 120 Ind. 88, 22 N.E. 94. While a motion for a new trial is undisposed of, there can be no final judgment, within the meaning of the statute regulating appeals. But, for all purposes other than the right of appeal, the judgment, as soon as entered, read, and signed in open court, is final and may be enforced by appropriate writ according to its terms."

The Supreme Court of Missouri in Ex parte Craig, 130 Mo. 590, 32 S.W. 1121, 1123, likewise held that "the mere filing of a motion for a new trial" will not operate per se to stay the issuance of an execution. That court also observed: "It is, doubtless, competent for the court, for good cause shown, to direct that process shall not issue on its judgment during the term or pending the motion; but, unless such an order is made, the mere filing of a motion for new trial or rehearing, constitutes no impediment to the execution of the judgment or decree." To like effect, see 1 Haynes New Trial and Appeal, sec. 3.

The trial judge made no such order in the instant case, and that question is not necessary here to be further considered or determined.

 The defendant, failing to deliver the property sued for within the thirty days, the bond was properly endorsed forfeited, and plaintiff was due to have execution issue against the sureties on the bond. United States Fidelity & Guar. Co. v. Frick Co., 224 Ala. 119, 138 So. 817.

There was no verdict rendered for damages for detention, and the amount of the balance due on the debt was in excess of the alternate value of the property. As to the balance due, section 7400, Code, makes provision therefor if the debt due is ascertained to be less than the value of the property sued for, and is therefore without application here.

The execution should, therefore, issue for the $300, which represents the alternate value of the automobile together with the costs. The issuance of the execution by the clerk is a ministerial duty, which may be enforced by mandamus. Ex parte Moore, supra.

The judgment denying the petition is reversed, and one here rendered granting the mandamus and ordering the issuance of the execution in accordance with the views herein expressed.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.