34 So.2d 681

CARNLEY, Director of Department of Industrial Relations, v. STATE ex rel. WEST BOYLSTON MFG. CO.

3 Div. 500.

Supreme Court of Alabama.

April 8, 1948.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

Aubrey M. Cates, Jr., Gen. Counsel, Dept. of Industrial Relations, of Montgomery, A. A. Carmichael, Atty. Gen., Gardner F. Goodwyn, Jr., and Hugh F. Culverhouse, Asst. Attys. Gen., and J. Eugene Foster, of Montgomery, for appellant.

BROWN, Justice.

This appeal is prosecuted by Fleetwood Carnley, as Director of the Department of Industrial Relations, from a judgment of the Circuit Court of Montgomery County, awarding peremptory writ of mandamus directed to said appellant commanding him to "determine petitioner's said application for refund, marked Exhibit '1,' to its said petition, and do (to) allow same in whole or in part for refund or adjustment, or deny same in whole or in part, as the law ·and facts may warrant, giving petitioner due notice of such denial by mail."

Said petitioner is the West Boylston Manufacturing Company, a corporation organized and existing under the laws of this state, an employer of labor, subject to and governed by the industrial relations act embodied in Title 26, Chapter IV, Code of 1940, and makes contributions under the provisions of said act to the trust fund established thereunder.

On the 18th of August, 1947, petitioner made application to the director of the department of industrial relations for an adjustment or refund under the provisions of § 243, Title 26, in respect to a payment made on May 4, 1944, estimated on taxable wages accruing and paid by the petitioner to employes from January 22 to March 31, 1944, the amount of the contribution as tax being $6,660.28.

On the filing of the petition for writ of mandamus the circuit court awarded the alternative writ requiring the director to show cause why he should not consider said claim. The stipulation of facts made between the parties in open court on submission of the case for final judgment conceded that the petitioner had made demand on the respondent to consider its application and to determine the same and either to grant it in whole or in part or to deny it in whole or in part and that respondent, after a reasonable time has elapsed for such consideration, has taken no action thereon.

The return to the rule nisi by the respondent in its material parts sets up as a reason for nonaction want of jurisdiction and absence of duty on the part of the director to consider the claim for the reason that the provisions of § 204 (H), Title 26, Code of 1940, requires the filing of such claim within 60 days from the date of mailing notice by the director to the employers of the determination of the employer's benefit wage percentage and its contribution rate as fixed by its benefit wage percentage. To state the contention otherwise, § 204, (H), Title 26, Code of 1940, is a statute of limitations barring the right of review of claims filed under § 243, Title 26.

Before filing the answer or return to the rule nisi the respondent challenged the sufficiency of the petition by demurrer, raising above questions asserted by the return, which demurrer was overruled. In para-graphs 4, 5, 6 and 7 of the answer or return, in addition to the absence of jurisdiction and lack of duty on the part of the director to act, the respondent sets up facts going to the merits of the claim. After motion to strike said paragraphs they were eliminated on demurrer filed by petitioner. The assignments of error challenge the soundness of the rulings on demurrer to the petition and said paragraphs of the answer.

Section 243, Title 26, Code of 1940, provides: "If not later than four years after the date on which any contributions, penalties, or interest became due an employer who has paid such contributions, penalties, or interest thereon shall make application for an adjustment thereof in connection with subsequent contribution payments, or for a refund hereof because such adjustment cannot be made, and the director shall determine that such contributions, penalties or interest, or any portion thereof was erroneously collected, the director shall allow such employer to make an adjustment thereof in connection with subsequent contribution liability, or if such adjustment cannot be made the director may refund such contributions, penalties and interest, from the clearing account. If the director shall deny, in whole or in part, any such application, the applicant may, within sixty days after notice of such action, to be given by the director by mail, appeal to the circuit court of the county wherein is the principal place of business of the applicant, and the trial in that court shall be without a jury, and the court shall render such judgment as the facts and circumstances warrant. For like cause and within four years, adjustment or refund may be made on the director's own initiative; provided, however, that before such adjustment or refund may be approved the employer must conform to applicable rules and regulations of the director with respect to the refund to the employees entitled thereto of any moneys deducted by the employer in accordance with the provisions of this chapter."

■ There has been no change in the provisions of this section by the subsequent act of the legislature. The change or additions to the provisions of § 204 (H), Title 26, appearing in the 1945 Cumulative Pocket Part of Code of 1940, is without influence

in the instant case for the reason that the merit of the claim is not here involved, and the limitation of time prescribed for review in said § 204 (H) as amended in no way amends § 243 under which the claim was filed.

The filing of the claim of the petitioner was timely and is governed by the limitation fixed by § 243 rather than by § 204 (H) as amended. The circuit court did not err in overruling the demurrer to the petition or in sustaining the demurrer to parts of the answer which might well have been stricken on motion. Gainer v. Board of Education of Jefferson County et al., Ala.Sup., 33 So.2d 880;[1] Board of Education of Jefferson County et al. v. State ex rel. Kuchins et al., 222 Ala. 70, 131 So. 239; Longshore, Judge, etc., v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Garrett v. Cobb, 199 Ala. 80, 74 So. 226.

Nor did the court err in awarding the peremptory writ.—Code of 1940, Tit. 26, § 243. If the petitioner is not satisfied with the director's ruling, it may review the ruling on appeal to the circuit court within sixty days after such notice of such action.—Code of 1940, Tit. 26, § 243.

The ruling and judgment of the court is free from error and is due to be affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.