52 So.2d 385

### HOLCOMBE, Sheriff v. DE SASSIET.
### I Div. 393.

Supreme Court of Alabama.
May 10, 1951.

1. Ante, p. 13.

Robt. E. Hodnette, Jr., and Howell & Johnston, all of Mobile, for appellee.

Vickers & Thornton, Mobile, for appellant.

Outlaw, Seale & Kilborn, Mobile, amicus curiae.

LAWSON, Justice.

Isabel DeSassiet recovered a judgment in a detinue suit against Cornettia C. Dannelly for an automobile, the alternate value of which was fixed at $1295. The defendant, Cornettia C. Dannelly, had retained possession of the automobile by executing bond conditioned in part as follows: "* * * if the said Defendant shall fail in said action, he, or his securities shall return the specific property attached and above mentioned to the · Plaintiff, if the Plaintiff should recover the same by judgment in said suit within 30 days, after judgment in said suit; then this obligation to be void, otherwise to remain in full force and effect." § 918, Title 7, Code 1940.

Section 923, Title 7, Code 1940, is as follows: "*If the unsuccessful party, who has given bond and taken the property into possession, fails, for thirty days after the judgment, to deliver the property, and to pay the damages assessed for the detention thereof, and the costs, the sheriff must upon the bond make return of the fact of such failure;* and thereupon the bond has the force and effect of a judgment, on which execution, garnishment or other process may issue against any or all the obligors therein for the alternative value of the property as assessed by the jury, and the damages assessed for its detention and the costs; if the property be delivered, and the damages assessed for its detention and the cost be not paid, the sheriff must upon the bond, make return of the fact, and execution, garnishment or other process must issue against any or all of the obligors for such damages and costs, or for either, as either may be unpaid." (Emphasis supplied.)

The plaintiff in the detinue suit filed this petition for mandamus against Hon. William H. Holcombe, as sheriff, to require him to return the replevin bond as forfeited, or else show cause why he should not do so.

Thereafter, the trial court rendered a judgment ordering the issuance of a peremptory writ of mandamus directed to the respondent sheriff commanding him to forthwith endorse upon the replevin bond the failure of defendant in the detinue suit to deliver the automobile within thirty days from the date of judgment in the detinue suit "and to thereby forfeit and to return the said replevin bond to the Clerk of the Circuit Court of Mobile County, Alabama." Costs were taxed against the respondent sheriff.

From such judgment Sheriff Holcombe has appealed to this court.

On the record presented here, we must assume that the evidence before the trial court was sufficient to show that the automobile was not delivered to the plaintiff in the detinue suit within thirty days from the date of the judgment and that the sheriff refused to endorse the replevin bond forfeited and to return it to the circuit clerk with that endorsement.

Under the rule of our cases construing the provisions of law now codified as § 923, Title 7, Code 1940, and similar statutory provisions, it was the duty of the sheriff to return the replevin bond with an endorsement of forfeiture thereon. Garrett, Sheriff, v. Cobb, 199 Ala. 80, 74 So. 226; Johnson v. Bouler, 237 Ala. 325, 186 So. 715, 121 A.L.R. 683; United States Fidelity & Guaranty Co. v. Frick Co., 224 Ala. 119, 138 So. 817; Howard v. Deans, 151 Ala. 608, 44 So. 550; Jaffe v. Leatherman, 222 Ala. 326, 131 So. 902; Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273.

The duty required of the sheriff was ministerial and his failure or refusal invited an apt use of the writ of mandamus. Petitioner had a remedy by suit on the bond, it is true, but he was by the statute vested with a right to the summary cumulative remedy by execution against the sureties on the bond upon the sheriff's return of the same as forfeited, and he was entitled to the writ of mandamus to make this summary remedy effectual. Cooper v. Davis, 88 Ala. 569, 7 So. 145; Garrett, Sheriff, v. Cobb, supra; Jaffe v. Leatherman, 222 Ala. 326, 131 So. 902; Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273.

**530**

■■ The costs were taxed by the trial court against the sheriff, and he complains here of that action of the court. In proceedings of an extraordinary nature directed against a public officer in his official capacity, in which there is a bona fide dispute as to his official duty, it is not customary nor appropriate to tax him with the costs, though he loses in the contention. State ex rel. Holcombe, Sheriff, v. Stone, County Treasurer, 233 Ala. 243, 171 So. 366, and cases cited. We hold that appellant should not have been taxed with the costs by the trial court and the judgment to that extent will be modified.

Modified and affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.